**Tanya Durkee Urbach**, OSB No. 962668
urbacht@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

**John C. Englander**, *admitted pro hac vice*
jenglander@goodwinprocter.com
**Matthew G. Lindenbaum**, *admitted pro hac vice*
mlindenbaum@goodwinprocter.com
**Dennis N. D'Angelo**, *admitted pro hac vice*
ddangelo@goodwinprocter.com
**Goodwin Procter LLP**
Exchange Place
Boston, MA  02109
Telephone: (617) 570-8318
Facsimile: (617) 523-1231

**David L. Permut**, *pro hac vice pending*
dpermut@goodwinprocter.com
**Goodwin Procter LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4182
Facsimile: (202) 346-4444

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LARRY ARNETT** and **RONDA ARNETT,** individually and on behalf of all others similarly situated, | CV No.11-1372 SI |
| Plaintiffs, | |
| v. | Defendants' ANSWER AND DEFENSES |
| **BANK OF AMERICA, N.A.** and **BAC, HOME LOANS SERVICING, L.P.,** | |
| Defendants. | |

PAGE 1 -   ANSWER AND DEFENSES

Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P.,[1] ("Bank of America") hereby answers the Class Action Allegation Complaint ("Complaint") filed by Plaintiffs Larry and Ronda Arnett ("Plaintiffs").  This Answer is made without waiving, but expressly reserving, all rights that Bank of America has to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint.  Except as expressly admitted herein, all allegations in the Complaint are denied.

Bank of America responds to the individual paragraphs of the Complaint as follows:

## INTRODUCTION[2]

1.      Bank of America admits that it services a mortgage loan on which Plaintiffs are the mortgagors.  Bank of America denies the remaining allegations contained in Paragraph 1 of the Complaint.  Bank of America specifically denies that certification of any class is appropriate in this case.

2.      Bank of America denies the allegations contained in Paragraph 2 of the Complaint and denies that certification of any class is appropriate in this case.

3.      Bank of America denies the allegations contained in Paragraph 3 of the Complaint.

4.      Bank of America denies the allegations contained in Paragraph 4 of the Complaint.

5.      Bank of America denies the allegations contained in Paragraph 5 of the Complaint.

6.      Bank of America denies the allegations contained in Paragraph 6 of the Complaint and denies that certification of any class is appropriate in this case.

---

[1] Bank of America notes that effective July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A.
[2] Bank of America has adopted certain subject headings used in Plaintiffs' Complaint strictly for ease of reference by the court and parties, and, by using those headings here, does not intend to admit the truth of any allegation contained within them.  To the extent that any of the subject headings in Plaintiffs' Complaint may be construed to contain factual allegations, Bank of America expressly denies such allegations.

PAGE 2 -   ANSWER AND DEFENSES

7.      Bank of America denies the allegations contained in Paragraph 7 of the Complaint and denies that certification of any class is appropriate in this case.

8.      Bank of America denies the allegations contained in Paragraph 8 of the Complaint.

9.      Bank of America denies the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint state demands for relief to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 10 of the Complaint and denies that certification of any class is appropriate in this case.

## PARTIES

11.     Bank of America states that it services a mortgage loan to Plaintiffs that is secured by property in Roseburg, Oregon.  Bank of America states that it is without sufficient knowledge and information to form a belief as to the truth of the allegations regarding the relationship and residency of the Plaintiffs, and therefore denies all such allegations contained in Paragraph 11 of the Complaint.  Bank of America denies the remaining allegations contained in Paragraph 11 of the Complaint and denies that certification of any class is appropriate in this case.

12.     Bank of America admits the allegations contained in Paragraph 12 of the Complaint.

13.     Bank of America admits the allegations contained in the first three sentences of Paragraph 13 of the Complaint.  Bank of America denies the allegations contained in the fourth sentence of Paragraph 13 of the Complaint.

PAGE 3 -   ANSWER AND DEFENSES

## JURISDICTION AND VENUE

14.     The allegations contained in Paragraph 14 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that it is without sufficient knowledge and information to form a belief as to the truth of the allegations regarding the citizenship of the Plaintiffs, but otherwise denies the allegations contained in Paragraph 16 of the Complaint.  Bank of America specifically denies that certification of any class is appropriate in this case.

17.     Bank of America admits that it conducts business in Oregon.  The remaining allegations contained in Paragraph 17 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that it is without sufficient knowledge and information to form a belief as to the truth of the allegations regarding the residency of the Plaintiffs, but otherwise denies the remaining allegations contained in Paragraph 17 of the Complaint.

## FACTUAL ALLEGATIONS

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, Bank of America states that the federal National Flood Insurance Program ("NFIP") speaks for itself and is the best evidence of its purpose and requirements, and denies any allegations contained in Paragraph 18 of the Complaint inconsistent with the NFIP.

19.     The allegations contained in Paragraph 19 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America

PAGE 4 -   ANSWER AND DEFENSES

states that the 1994 Amendments to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* ("NFIA") speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with the terms of the NFIA.

20.     Bank of America denies the allegations contained in Paragraph 20 of the Complaint.

21.     Bank of America admits that it services a mortgage loan to Plaintiffs secured by residential property in Roseburg, Oregon, and that this loan was originated by KeyBank National Association ("KeyBank") in the amount of $135,000.  Bank of America states that it is without sufficient knowledge and information to confirm the date on which Plaintiffs and KeyBank executed Plaintiffs' Mortgage, and therefore denies the remaining allegations in Paragraph 21 of the Complaint.

By way of further answer, Bank of America states that the Deed of Trust concerning the loan Bank of America services for Plaintiffs ("Plaintiffs' Mortgage"), which is attached hereto as **Exhibit 1**, reflects an origination date of October 27, 2008.

22.     Bank of America states that the Notice of Special Flood Hazards and Availability of Federal Disaster Relief Assistance ("Flood Hazard Notice"), attached hereto as **Exhibit 2**, speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the Flood Hazard Notice.  With respect to the remaining allegations in Paragraph 22 of the Complaint, Bank of America states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

23.     With respect to the allegations contained in Paragraph 23 of the Complaint regarding the content of the Flood Hazard Notice (**Exhibit 2**), Bank of America states that the language of Flood Hazard Notice speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the Flood Hazard Notice.

PAGE 5 -   ANSWER AND DEFENSES

24.    With respect to the allegations contained in Paragraph 24 of the Complaint, Bank of America states that the language of the form entitled "Flood Insurance Requirements," attached hereto as **Exhibit 3**, speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with its terms.

25.    Bank of America admits that, at times between the origination of Plaintiffs' mortgage loan and the present, Plaintiffs have produced documentation to Bank of America reflecting flood insurance coverage in the amount of $250,000 through the Hartford Insurance Company, flood insurance coverage in the amount of $203,000 through Lloyd's of London, and separate and independent flood insurance coverage in the amount of $27,500 on the outbuilding/garage on the property securing Plaintiffs' loan.  With respect to the remaining allegations in Paragraph 25 of the Complaint, Bank of America states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies them.

26.    Bank of America admits that it is currently the servicer of Plaintiffs' mortgage loan.  Bank of America further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in first sentence of Paragraph 26 of the Complaint, and therefore denies them.  Bank of America denies the remaining allegations in Paragraph 26 of the Complaint.

27.    Bank of America admits that it sent a letter to Plaintiffs on or about July 22, 2009, attached hereto as **Exhibit 4**.  With respect to Plaintiffs' allegations contained in Paragraph 27 of the Complaint regarding the content of the July 22, 2009 letter, Bank of America states that the language of the July 22, 2009 letter speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the July 22, 2009 letter.

28.    With respect to the allegations contained in Paragraph 28 of the Complaint regarding the content of the July 22, 2009 letter (**Exhibit 4**), Bank of America states that the

PAGE 6 -   ANSWER AND DEFENSES

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

language of the July 22, 2009 letter speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the July 22, 2009 letter.

29.    With respect to the allegations contained in Paragraph 29 of the Complaint regarding the content of the July 22, 2009 letter (**Exhibit 4**), Bank of America states that the language of the July 22, 2009 letter speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the July 22, 2009 letter.

30.    Bank of America denies the allegations contained in Paragraph 30 of the Complaint.

31.    Bank of America states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies them.

32.    Bank of America admits that it sent a letter to Plaintiffs on or about September 14, 2010, attached hereto as **Exhibit 5**.    With respect to Plaintiffs' allegations contained in Paragraph 32 of the Complaint regarding the content of the September 14, 2010 letter, Bank of America states that the language of the September 14, 2010 letter speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the September 14, 2010 letter.

33.    Bank of America denies the allegations contained in Paragraph 33 of the Complaint.

34.    Bank of America admits that it established an escrow account in connection with Plaintiff's mortgage, and that it charged this account for flood insurance, as further described below, but denies any remaining allegations contained in Paragraph 34 of the Complaint.

By way of further answer, Bank of America states that on or about October 12, 2010, Bank of America sent Plaintiffs a letter, and that this letter is attached hereto as **Exhibit 6**.  Then, on or about November 4, 2010, Bank of America purchased a flood insurance policy with $87,280.00 coverage for Plaintiffs, assessing $445.13 to an escrow account that Bank of America

PAGE 7 -   ANSWER AND DEFENSES

established on or about the same time.  Attached hereto as **Exhibit 7** is a redacted copy of the history of transactions on Plaintiffs' mortgage from November 2008 through January 18, 2012, reflecting the $445.13 assessed to the escrow account.

On or about November 7, 2010, Bank of America sent another letter to Plaintiffs, attached hereto as **Exhibit 8**, informing them of its purchase of the flood insurance policy.  Bank of America credited back the full $445.13 charged to Plaintiffs' escrow account for this policy on or about February 10, 2011.  (*See* **Ex. 7**.)

35.    Bank of America denies the allegations contained in Paragraph 35 of the Complaint.

36.    Bank of America denies the allegations contained in Paragraph 36 of the Complaint and denies that certification of any class is appropriate in this case.

37.    Bank of America admits that it sent a letter to Plaintiffs on or about June 16, 2011, attached hereto as **Exhibit 9**.  With respect to Plaintiffs' allegations contained in Paragraph 37 of the Complaint regarding the content of the June 16, 2011 letter, Bank of America states that the language of the June 16, 2011 letter speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the June 16, 2011 letter.

38.    With respect to the allegations contained in Paragraph 38 of the Complaint regarding the content of Plaintiffs' Mortgage (**Ex. 1**), Bank of America states that the language of Plaintiffs' Mortgage speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of Plaintiffs' Mortgage.  Bank of America denies the remaining allegations contained in paragraph 38 of the Complaint.

39.    Bank of America admits that it sent a letter to Plaintiffs on or about July 10, 2011, attached hereto as **Exhibit 10**.  With respect to Plaintiffs' allegations contained in Paragraph 39 of the Complaint regarding the content of the July 10, 2011 letter, Bank of America states that the language of the July 10, 2011 letter speaks for itself and is the best evidence of its contents,

PAGE 8 -   ANSWER AND DEFENSES

and denies any allegations inconsistent with the terms of the July 10, 2011 letter.  Bank of America denies any remaining allegations contained in paragraph 39 of the Complaint.

40.    Bank of America admits that on or about August 2, 2011, Bank of America purchased a flood insurance policy with $250,000 coverage for Plaintiffs on the main home securing Plaintiffs' mortgage loan, assessing $2,448.00 to Plaintiffs' escrow account.  (*See* **Ex. 7**.)

By way of further answer, on or about October 17, 2011, Bank of America sent a letter to Plaintiffs, attached hereto as **Exhibit 11**, informing them of its purchase of the flood insurance policy with $250,000 coverage.  Bank of America credited back the full $2,448.00 assessed to Plaintiffs' escrow account through a series of three credits made on or about October 18, 2011 through October 27, 2011.  (*See* **Ex. 7**.)

Bank of America also admits that it purchased an additional flood insurance policy covering the garage securing Plaintiffs' mortgage loan at a cost of $114.75, assessed to Plaintiffs' escrow account, as described herein by way of further answer.  On or about June 30, 2011, Bank of America sent a letter to Plaintiffs, attached hereto as **Exhibit 12**, informing them, *inter alia*, that their flood insurance coverage was not adequate, and that Plaintiffs were required to obtain $22,500 in additional coverage.  On or about July 24, 2011, Bank of America sent Plaintiffs another letter containing information similar to that in the June 30, 2011 letter, and this July 24, 2011 letter is attached hereto as **Exhibit 13**.  Then, on or about August 16, 2011, Bank of America purchased a flood insurance policy with $22,500 coverage for Plaintiffs, assessing $114.75 to Plaintiffs' escrow account.  (*See* **Ex. 7**.)  On or about August 18, 2011, Bank of America sent another letter to Plaintiffs, attached hereto as **Exhibit 14**, informing them of its purchase of the flood insurance policy with $22,500 coverage, effective June 20, 2011 through June 20, 2012.

On or about December 19, 2011, Bank of America received a facsimile, from Ankeny Insurance Agency, Inc., containing a Flood Policy Declaration dated December 19, 2011,

PAGE 9 -   ANSWER AND DEFENSES

indicating that Plaintiffs, as of that date, maintained a flood insurance policy in the amount of $50,000 through Hartford Insurance Company of the Midwest, attached hereto as **Exhibit 15**.  In response to receipt of the updated Flood Policy Declarations, Bank of America canceled the policy it had placed, and on December 28, 2011, credited the Arnetts' escrow account $57.68—the portion of the $114.75 premium that no longer applied based on cancelation of the lender-placed policy.  (*See* **Ex. 7**.)

Bank of America denies any allegations contained in Paragraph 40 of the Complaint that are not otherwise expressly admitted here in Paragraph 40 of Bank of America's Answer and Defenses.

41.    Bank of America denies the allegations contained in Paragraph 41 of the Complaint.

42.    Bank of America denies the allegations contained in Paragraph 42 of the Complaint.

By way of further answer, Bank of America states that, although no charges were "unjust" or "unlawful," nonetheless, Bank of America credited Plaintiffs' escrow account in the full amount of the premiums for two of the three lender-placed flood insurance policies at issue, on or about three dates:  February 10, 2011, October 18, 2011, and October 27, 2011.  (*See supra* ¶¶ 34, 40; **Ex. 7**.)  Plaintiffs filed their Complaint on November 14, 2011, well after these credits had been applied to Plaintiffs' escrow account.

43.    Bank of America denies the allegations contained in Paragraph 43 of the Complaint.

44.    Bank of America denies the allegations contained in Paragraph 44 of the Complaint and specifically denies that certification of any class is appropriate in this case.

45.    Bank of America denies the allegations contained in Paragraph 45 of the Complaint.

PAGE 10 -  ANSWER AND DEFENSES

46.     Bank of America states that the language of its letters speaks for itself and is the best evidence of the letters' contents, and denies any allegations inconsistent with the terms of these letters.  Bank of America denies the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Bank of America denies the allegations contained in Paragraph 47 of the Complaint.

48.     Bank of America states that the language of Plaintiffs' Mortgage speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of Plaintiffs' Mortgage.   Bank of America denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Bank of America denies the allegations contained in Paragraph 49 of the Complaint.

50.     Bank of America denies the allegations contained in Paragraph 50 of the Complaint.

51.     Bank of America denies the allegations contained in Paragraph 51 of the Complaint.

52.     The allegations contained in Paragraph 52 of the Complaint are conclusory in nature, and therefore require no response.  To the extent a response is required, Bank of America admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case

53.     The allegations contained in Paragraph 53 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 53 of the Complaint and denies that certification of any class is appropriate in this case.

54.     The allegations contained in Paragraph 54 of the Complaint are conclusory in nature, and therefore require no response.  To the extent a response is required, Bank of America

PAGE 11 -  ANSWER AND DEFENSES

admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case.

55.    The allegations contained in Paragraph 55 of the Complaint are conclusory in nature, and therefore require no response.  To the extent a response is required, Bank of America admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case.

56.    The allegations contained in Paragraph 56 of the Complaint are conclusory in nature, and therefore require no response.  To the extent a response is required, Bank of America admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case.

57.    The allegations contained in Paragraph 57 of the Complaint are conclusory in nature and/or state conclusions of law and therefore require no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 57 of the Complaint and denies that certification of any class is appropriate in this case.

58.    The allegations contained in Paragraph 58 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 58 of the Complaint and denies that certification of any class is appropriate in this case.

59.    The allegations contained in Paragraph 59 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 59 of the Complaint and denies that certification of any class is appropriate in this case.

60.    The allegations contained in Paragraph 60 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 60 of the Complaint and denies that certification of any class is appropriate in this case.

PAGE 12 -  ANSWER AND DEFENSES

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

61.    The allegations contained in Paragraph 61 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 61 of the Complaint and denies that certification of any class is appropriate in this case.

62.    The allegations contained in Paragraph 62 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 62 of the Complaint and denies that certification of any class is appropriate in this case.

## CAUSES OF ACTION

### COUNT I

**Unjust Enrichment**
**(on behalf of the nationwide Unjust Enrichment Class)**

63.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-62 of the Complaint.

64.    Bank of America denies the allegations contained in Paragraph 64 of the Complaint and denies that certification of any class is appropriate in this case.

65.    Bank of America denies the allegations contained in Paragraph 65 of the Complaint and denies that certification of any class is appropriate in this case.

66.    Bank of America denies the allegations contained in Paragraph 66 of the Complaint.

67.    Bank of America denies the allegations contained in Paragraph 67 of the Complaint and denies that certification of any class is appropriate in this case.

68.    Bank of America denies the allegations contained in Paragraph 68 of the Complaint and denies that certification of any class is appropriate in this case.

PAGE 13 - ANSWER AND DEFENSES

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## COUNT II

### Violation of TILA, 15 U.S.C. § 1601, *et seq.*
### (on behalf of the Nationwide Class)

69.     Bank of America hereby incorporates by reference its responses to Paragraphs 1-68 of the Complaint.

70.     With respect to the allegations contained in Paragraph 70 of the Complaint, Bank of America states that the federal Truth in Lending Act, 15 U.S.C § 1601, *et seq.* ("TILA") speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of TILA.

71.     The allegations contained in Paragraph 71 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 71 of the Complaint.

72.     The allegations contained in Paragraph 72 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 72 of the Complaint.

73.     The allegations contained in Paragraph 73 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 73 of the Complaint.

74.     The allegations contained in Paragraph 74 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 75 of the Complaint.

76.     Bank of America denies the allegations contained in Paragraph 76 of the Complaint.

PAGE 14 - ANSWER AND DEFENSES

By way of further answer, Bank of America states it has attached as **Exhibit 16,** a form dated October 27, 2008, entitled Federal Truth-in-Lending Disclosure Statement ("TILA Form"), bearing the signatures of Larry Arnett and Ronda Arnett.

77.    The allegations contained in Paragraph 77 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 77 of the Complaint.

78.    Bank of America denies the allegations contained in Paragraph 78 of the Complaint and denies that certification of any class is appropriate in this case.

79.    Bank of America denies the allegations contained in Paragraph 79 of the Complaint and denies that certification of any class is appropriate in this case.

80.    The allegations contained in Paragraph 80 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 80 of the Complaint and denies that certification of any class is appropriate in this case.

81.    The allegations contained in Paragraph 81 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 81 of the Complaint and denies that certification of any class is appropriate in this case.

## COUNT III

### Violation of RESPA, 12 U.S.C. § 2601, *et seq.*
### (on behalf of the Nationwide Class)

82.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-81 of the Complaint.

83.    The allegations contained in Paragraph 83 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 83 of the Complaint.

PAGE 15 - ANSWER AND DEFENSES

84.    The allegations contained in Paragraph 84 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 84 of the Complaint.

85.    The allegations contained in Paragraph 85 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 85 of the Complaint.

86.    The allegations contained in Paragraph 86 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 86 of the Complaint.

87.    Bank of America denies the allegations contained in Paragraph 87 of the Complaint.

88.    Bank of America denies the allegations contained in Paragraph 88 of the Complaint.

89.    Bank of America denies the allegations contained in Paragraph 89 of the Complaint and denies that certification of any class is appropriate in this case.

90.    Bank of America denies the allegations contained in Paragraph 90 of the Complaint and denies that certification of any class is appropriate in this case.

91.    Bank of America denies the allegations contained in Paragraph 91 of the Complaint and denies that certification of any class is appropriate in this case.

92.    Bank of America denies the allegations contained in Paragraph 92 of the Complaint.

PAGE 16 -  ANSWER AND DEFENSES

## COUNT IV

**Breach of Contract/Breach of Implied Covenant of Good Faith
and Fair Dealing/Unconscionability
(on behalf of the Nationwide Class)**

93.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-92 of the Complaint.

94.    Bank of America admits that Plaintiffs entered into a mortgage contract with KeyBank (*see* **Ex. 1**) and that Bank of America is the current servicer of this mortgage loan. Bank of America denies the remaining allegations contained in Paragraph 94 of the Complaint.

95.    With respect to the allegations contained in Paragraph 95 of the Complaint, Bank of America states that Plaintiffs' Mortgage (**Ex. 1**) and the Flood Insurance Requirements (**Ex. 3**) speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with their terms.  Bank of America specifically denies that the Flood Insurance Requirements constitute a "section" of the mortgage contract.

96.    Bank of America states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint, and therefore denies them.

97.    Bank of America denies the allegations contained in Paragraph 97 of the Complaint.

98.    The allegations contained in Paragraph 98 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 98 of the Complaint.

99.    Bank of America denies the allegations contained in Paragraph 99 of the Complaint.

100.    With respect to the allegations contained in Paragraph 100 of the Complaint, Bank of America states that the language of Plaintiffs' Mortgage (**Ex. 1**) speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of

PAGE 17 -  ANSWER AND DEFENSES

Plaintiffs' Mortgage.   Bank of America denies the remaining allegations contained in Paragraph 100 of the Complaint.

101.    The allegations contained in Paragraph 101 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 101 of the Complaint and denies that certification of any class is appropriate in this case.

102.    Bank of America denies the allegations contained in Paragraph 102 of the Complaint.

103.    Bank of America denies the allegations contained in Paragraph 103 of the Complaint.

104.    Bank of America denies the allegations contained in Paragraph 104 of the Complaint and denies that certification of any class is appropriate in this case.

105.    Bank of America denies the allegations contained in Paragraph 105 of the Complaint and denies that certification of any class is appropriate in this case.

106.    Bank of America denies the allegations contained in Paragraph 106 of the Complaint and denies that certification of any class is appropriate in this case.

## COUNT V

**Breach of Fiduciary Duty/Misappropriate of Funds
Held in Trust
(on behalf of the Nationwide Class)**

107.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-106 of the Complaint.

108.    Bank of America admits that Plaintiffs have an escrow account through Bank of America.  Bank of America denies any remaining allegations contained in Paragraph 108 of the Complaint and denies that certification of any class is appropriate in this case.

PAGE 18 - ANSWER AND DEFENSES

109.    Bank of America admits that Plaintiffs have an escrow account through Bank of America.  Bank of America further states that it has debited amounts from and credited amounts to Plaintiffs' escrow account, as reflected in relevant part by **Exhibit 7**.  Bank of America denies any remaining allegations contained in Paragraph 109 of the Complaint and denies that certification of any class is appropriate in this case.

110.    The allegations contained in Paragraph 110 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 110 of the Complaint and denies that certification of any class is appropriate in this case.

111.    Bank of America denies the allegations contained in Paragraph 111 of the Complaint and denies that certification of any class is appropriate in this case.

112.    Bank of America denies the allegations contained in Paragraph 112 of the Complaint and denies that certification of any class is appropriate in this case.

113.    Bank of America denies the allegations contained in Paragraph 113 of the Complaint and denies that certification of any class is appropriate in this case.

114.    Bank of America denies the allegations contained in Paragraph 114 of the Complaint and denies that certification of any class is appropriate in this case.

### COUNT VI

**Conversion**
**(on behalf of the Nationwide Subclass)**

115.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-114 of the Complaint.

116.    The allegations contained in Paragraph 116 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 116 of the Complaint.

PAGE 19 - ANSWER AND DEFENSES

117.    Bank of America denies the allegations contained in Paragraph 117 of the Complaint and denies that certification of any class is appropriate in this case.

118.    Bank of America denies the allegations contained in Paragraph 118 of the Complaint and denies that certification of any class is appropriate in this case.

119.    Bank of America denies the allegations contained in Paragraph 119 of the Complaint and denies that certification of any class is appropriate in this case.

120.    Bank of America denies the allegations contained in Paragraph 120 of the Complaint and denies that certification of any class is appropriate in this case.

121.    Bank of America denies the allegations contained in Paragraph 121 of the Complaint and denies that certification of any class is appropriate in this case.

122.    Bank of America denies the allegations contained in Paragraph 122 of the Complaint and denies that certification of any class is appropriate in this case.

123.    Bank of America denies the allegations contained in Paragraph 123 of the Complaint and denies that certification of any class is appropriate in this case.

124.    Bank of America denies the allegations contained in Paragraph 124 of the Complaint and denies that certification of any class is appropriate in this case.

125.    Bank of America denies the allegations contained in Paragraph 125 of the Complaint.

126.    Bank of America denies the allegations contained in Paragraph 126 of the Complaint and denies that certification of any class is appropriate in this case.

## COUNT VII

### Violation of Oregon's Unlawful Debt Collection
### Practices Act Section 646.639
### (on behalf of the Nationwide Subclass)

127.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-126 of the Complaint.

PAGE 20 - ANSWER AND DEFENSES

128.    The allegations contained in Paragraph 128 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 128 of the Complaint.

129.    The allegations contained in Paragraph 129 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 129 of the Complaint.

130.    The allegations contained in Paragraph 130 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 130 of the Complaint.

131.    The allegations contained in Paragraph 131 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 131 of the Complaint.

132.    With respect to the allegations contained in Paragraph  132 of the Complaint, Bank of America states that Oregon's Unlawful Debt Collection Practices Act (the "UDCPA") speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the UDCPA.  Bank of America denies the remaining allegations contained in Paragraph 132 of the Complaint and denies that certification of any class is appropriate in this class.

133.    Bank of America denies the allegations contained in Paragraph 133 of the Complaint and denies that certification of any class is appropriate in this case.

## **PRAYER FOR RELIEF**

The allegations contained in the "Prayer for Relief" section of the Complaint consist of prayers for relief to which no response is required.  To the extent a response is required, Bank of America denies that Plaintiffs are entitled to any damages, civil penalties, injunctive relief, restraining orders, costs, fees, interest, or other relief, and specifically denies that certification of any class is appropriate in this case.

PAGE 21 - ANSWER AND DEFENSES

## DEMAND FOR JURY TRIAL

The allegations contained in the "Demand for Jury Trial" section of the Complaint consist of a jury demand to which no response is required.  To the extent a response is required, Bank of America denies that Plaintiffs are entitled to a trial by jury in this case.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

134.    This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

135.    This action is barred, in whole or in part, as a result of the acts of third parties over whom Bank of America had no control.

### THIRD AFFIRMATIVE DEFENSE

136.    This action is barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, ratification, and/or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

137.    This action is barred, in whole or in part, by the voluntary payment doctrine.

### FIFTH AFFIRMATIVE DEFENSE

138.    This action is barred, in whole or in part, because Bank of America always acted in good faith and with honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade, when dealing with the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

139.    This action is barred, in whole or in part, because Plaintiff has failed to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

140.    This action is barred, in whole or in part, because Plaintiff lacks standing to assert claims alleged in this action.

PAGE 22 -  ANSWER AND DEFENSES

## EIGHTH AFFIRMATIVE DEFENSE

141.    This action is barred, in whole or in part, because the putative class period is overbroad and the putative class members are not entitled to any recovery.

## NINTH AFFIRMATIVE DEFENSE

142.    This action is barred, in whole or in part, because any recovery by Plaintiff would constitute unjust enrichment.

## TENTH AFFIRMATIVE DEFENSE

143.    Plaintiff's claims are barred or preempted, in whole or in part, by federal statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

144.    The actions of Bank of America were consistent with, permitted by, dictated by, and in certain respects required by, applicable federal law, and to that extent cannot be the subject of a recovery in this action.

## TWELFTH AFFIRMATIVE DEFENSE

145.    Plaintiff's recovery is barred or limited by the benefits they obtained from the activities of Bank of America, and the terms of the loan.

## THIRTEENTH AFFIRMATIVE DEFENSE

146.    This action is not appropriate for certification as a class action, because the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23 of the Federal Rules of Civil Procedure are not met.

## FOURTEENTH AFFIRMATIVE DEFENSE

147.    This action may not be maintained as a class action, because individual issues predominate over issues common to the class and because the class action device is not superior to other methods of adjudication.

PAGE 23 - ANSWER AND DEFENSES

### FIFTEENTH AFFIRMATIVE DEFENSE

148.    This action may not be maintained as a class action, because Plaintiff has failed to show Bank of America has acted or refused to act on grounds that apply generally to the putative class.

### SIXTEENTH AFFIRMATIVE DEFENSE

149.    This action is barred, in whole or in part, by the applicable statutes of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

150.    This action is barred, in whole or in part, by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely on any alleged misrepresentations, because any such reliance was not reasonable, and because any alleged misrepresentations were not material.

### NINETEENTH AFFIRMATIVE DEFENSE

152.    Plaintiff's claims are barred, in whole or in part, by the Filed Rate Doctrine.

### TWENTIETH AFFIRMATIVE DEFENSE

153.    Bank of America reserves the right to assert these defenses and any additional or different defenses as to the claims of any persons who are made a member of a class if this Court certifies a class in this case, including but not limited to laches, discharge in bankruptcy, arbitration, res judicata, collateral estoppel, release, settlement, lack of jurisdiction, standing, preemption, statute of limitations, arbitration, claim preclusion, judgment, waiver, or other defenses.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

154.    Bank of America reserves the right to amend this Answer if it acquires new or different information.

PAGE 24 - ANSWER AND DEFENSES

116589.0452/5271347.1

## PRAYER FOR RELIEF

WHEREFORE, Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, demands that judgment be entered in its favor against the Plaintiffs and that Bank of America, N.A. be awarded its costs, including its reasonable attorneys' fees, and such other relief as may be determined just and appropriate by this Court.

DATED:  January 23, 2012

LANE POWELL PC


By   s/  Tanya Durkee Urbach
    Tanya Durkee Urbach, OSB No. 962668


**GOODWIN PROCTER LLP**
    John C. Englander, *admitted pro hac vice*
    David L. Permut, *pro hac vice pending*
    Matthew G. Lindenbaum, *admitted pro hac vice*
    Dennis N. D'Angelo, *admitted pro hac vice*

    Attorneys for Defendants

PAGE 25 -  ANSWER AND DEFENSES