**Tanya Durkee Urbach**, OSB No. 962668
urbacht@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**John C. Englander**, *admitted pro hac vice*
jenglander@goodwinprocter.com
**Matthew G. Lindenbaum**, *admitted pro hac vice*
mlindenbaum@goodwinprocter.com
**Dennis N. D'Angelo**, *admitted pro hac vice*
ddangelo@goodwinprocter.com
**Goodwin Procter LLP**
Exchange Place
Boston, MA 02109
Telephone: (617) 570-8318
Facsimile: (617) 523-1231

**David L. Permut**, *admitted pro hac vice*
dpermut@goodwinprocter.com
**Goodwin Procter LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4182
Facsimile: (202) 346-4444

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LARRY ARNETT** and **RONDA ARNETT,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**BANK OF AMERICA, N.A.** and **BAC, HOME LOANS SERVICING, L.P.,**<br><br>Defendants. | CV No. 3:11-1372 SI<br><br>**STIPULATED PROTECTIVE ORDER** |

PAGE 1 - STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order") is entered into by the parties to the above-captioned action. It extends to the above-captioned action as well as any actions that are consolidated, transferred to, or joined with the above-captioned action after the date of this Order (collectively, the "Action").

This Protective Order is intended to protect from disclosure, documents and information that may contain confidential financial information, proprietary information, and/or trade secrets and that are subject to protection under Federal Rule of Civil Procedure 26(c) and *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). Documents and information so designated may only be disclosed or used as further provided herein. Nothing herein is intended to affect the relevance, discoverability, or admissibility into evidence of any documents or information produced during discovery in the Action. Pursuant to Rule 26(c) and *Foltz*, it is hereby stipulated and agreed by and between all parties to the Action, through their respective counsel and subject to the approval of this Court, that this Protective Order be entered in this Action.

STIPULATED, AGREED, AND ORDERED:

1.  Any party in this Action or any third party to whom a subpoena is issued in this Action ("Producing Party") shall have the right to designate any material they produce (including, but not limited to, exhibits, documents and things, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as "confidential" if the material contains information that is proprietary or sensitive to the Producing Party and is not otherwise in the public domain, which includes, pursuant to Rule 26(c) and *Foltz*: trade secrets; other confidential research, development, or commercial information; proprietary business information; financial documents

PAGE 2 -   STIPULATED PROTECTIVE ORDER

116589.0452/5341606.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

and information, such as forecasts, records of sales and profits, records of costs of production, and records of costs of labor; sensitive personal information such as individuals' social security numbers; and account numbers and passwords. As used herein, documents and other information so designated, including without limitation any extracts or summaries of such documents and other information, shall be referred to as "Confidential Information." Any use of any such Confidential Information shall be covered by the provisions of this Protective Order.

2.   A Producing Party may designate documents containing information deemed confidential by that party as Confidential Information by stamping or otherwise clearly marking the same "CONFIDENTIAL," or by otherwise notifying the parties to the Action that materials are to be treated as Confidential Information (*e.g.*, if a Producing Party produces document(s) in native form such that they cannot be clearly marked "CONFIDENTIAL" or if a Producing Party inadvertently produces document(s) without a "CONFIDENTIAL" stamp, the Producing Party may notify receiving persons that any such documents are produced as Confidential Information under this Protective Order).

3.   A party may designate portions of a deposition as containing Confidential Information by so indicating on the record during such deposition or by providing written notice within thirty (30) days after receiving the deposition transcript from the court reporter. During any deposition that includes testimony designated as Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Protective Order may be excluded from that portion of the deposition. In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the transcript, within which time counsel for any party may designate a portion or all of the transcript as Confidential Information in writing to all counsel. Any party designating

PAGE 3 -   STIPULATED PROTECTIVE ORDER

portion(s) of a deposition or deposition transcript as Confidential Information under this paragraph shall be treated as a Producing Party for purposes of this Protective Order with respect to the portion(s) of a deposition or deposition transcript so designated.

    4.    Any person receiving Confidential Information ("Receiving Party") shall use such Confidential Information only for the purposes of this Action and any action transferred to or consolidated with the above-captioned action, including but not limited to actions subsequently transferred to or consolidated with the above-captioned action. A Receiving Party shall not use Confidential Information for any other litigation, or for any business or other purpose whatsoever. Notwithstanding this provision, the Producing Party may make use of its own Confidential Information in any way it deems fit.

    5.    Confidential Information shall not be disclosed to any person except:

    (i) the parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

    (ii) outside counsel of record for the parties to this action, and employees of their respective firms;

    (iii) the Court and its personnel, and any mediator;

    (iv) witnesses and persons either noticed to testify via deposition or subpoenaed to testify at trial;

    (v) persons identified on the face of any Confidential Information as authors or prior recipients of the Confidential Information;

    (vi) copying, document storage or imaging services, outside vendors, and court reporters associated with or retained by a party in connection with this action;

    (vii) any experts and their staff with whom counsel may deem it necessary to consult in connection with this action ("Outside Experts"); and

    (viii) any other person agreed to by the parties in writing.

PAGE 4 -   STIPULATED PROTECTIVE ORDER

6. Before an Outside Expert may receive any Confidential Information, he or she must have read a copy of this Protective Order and signed an undertaking in the form attached as Exhibit A hereto. Counsel of record for the party that has retained an Outside Expert must retain a copy of the Outside Expert's signed undertaking until the conclusion of this Action.

7. In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, the filing party shall move to have such pleading, motion, or other paper sealed by the Clerk pursuant to the terms and requirements of Fed. R. Civ. P. 26 and *Foltz*, as well as Local Rules 26-4, 3-8, and 3-9, provided that if a party files under seal any document disclosing Confidential Information under this Protective Order, the party seeking to preserve the secrecy of any such document must make the showing required pursuant to Fed. R. Civ. P. 26 and *Foltz* in order to maintain the Protective Order as to such document. Before seeking to maintain protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure. In the event that the party filing a pleading, motion, or other paper under seal is not also the same party seeking to preserve the secrecy of the document, the pleading motion or other paper shall be initially filed under seal, and the party seeking to preserve the secrecy of the document shall have ten (10) business days from the date the pleading, motion, or other paper is filed in which to make the showing required pursuant to Fed. R. Civ. P. 26 and *Foltz*, in order to maintain the Protective Order as to such document.

8. A Receiving Party may not reveal or discuss Confidential Information to or with any person not entitled to receive such information under paragraph 5 of this Protective Order.

PAGE 5 -   STIPULATED PROTECTIVE ORDER

116589.0452/5341606.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

9. A Receiving Party shall maintain all Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information.

10. In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within five (5) business days of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate protective order in the action in which the subpoena was issued.

11. In the event Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph 5 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the party who made the inadvertent disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

12. Within 60 days after the conclusion of this Action (including any appeal thereof), any Confidential Information shall be returned to the Producing Party or destroyed. If such documents and information are destroyed rather than returned, counsel for any Receiving Party must confirm destruction of the documents and information in writing to the Producing Party.

PAGE 6 -   STIPULATED PROTECTIVE ORDER

This paragraph does not apply to pleadings, draft pleadings, or exhibits thereto created by attorneys in conjunction with this litigation that quote from or refer to Confidential Information. This paragraph also does not apply to Confidential Information that may be contained in attorney work product on backup servers, if return or destruction of such material would be unduly burdensome. As far as the provisions of this or any other Protective Orders entered in this action restrict the use of Confidential Information, such Protective Orders shall continue to be binding after the conclusion of this Action.

13. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial. In the event that the Producing Party designates Confidential Information as "CONFIDENTIAL" after disclosure but before trial, all Receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Protective Order.

14. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

15. This Protective Order shall be without prejudice to any party challenging the designation of certain documents and information as Confidential Information. If such a dispute arises, the party challenging the designation shall serve written notice of the challenge upon the Producing Party, specifying the Confidential Information being challenged and the reasons supporting the challenge. The Producing Party will have seven (7) business days to respond in

PAGE 7 -   STIPULATED PROTECTIVE ORDER

writing. The parties shall attempt to further resolve any such dispute pursuant to the procedure set forth in Local Rule 7-1 before filing any motion with the Court. Pending resolution by the parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such.

        16.    If a party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Receiving Party or Parties that the material is privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that the material be returned to the Producing Party. Immediately upon receiving such notice, the Receiving Party or Parties shall make no further use of the alleged privileged material, and shall immediately segregate it in a manner that will prevent further disclosure or dissemination of its contents. Within five (5) business days of receiving such notice, the Receiving Party shall return to the Producing Party such material and all copies thereof. Within three (3) business days after receiving the return of the alleged privileged material, the Producing Party will produce a privilege log specific to such documents to the Receiving Party. The Receiving Party may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, and if the Receiving Party so moves the Court, the Producing Party shall provide the Court with one copy of the allegedly privileged material for *in camera* review in connection with

PAGE 8 -    STIPULATED PROTECTIVE ORDER

116589.0452/5341606.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

such a motion. The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity.

SIGNED AND ENTERED this 26th day of March, 2012.

_____
Honorable Michael H. Simon
**UNITED STATES DISTRICT JUDGE**

PAGE 9 -   STIPULATED PROTECTIVE ORDER

116589.0452/5341606.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| LARRY ARNETT and RONDA ARNETT, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P.,<br><br>　　　　　　　Defendants. | CV No. 3:11-1372 SI<br><br>**DECLARATION AND CONSENT TO BE BOUND BY PROTECTIVE ORDER** |

I, the undersigned, hereby declare under penalty of perjury and state as follows:

My address is _____. My current employer is _____. My current occupation is _____.

I have received a copy of the Stipulated Protective Order ("Protective Order") in the above-captioned action, and I have carefully read and understand the provisions of the Protective Order. I will comply with all the provisions of the Protective Order. I will hold any information designated "CONFIDENTIAL" in confidence, I will not disclose such information to anyone not qualified under the Protective Order, and I will use such information for the purposes of this action only.

Promptly upon termination of this action, I will return all "CONFIDENTIAL" documents and information to counsel for the party by whom I am employed or retained, or certify that I have destroyed such documents and information.

PAGE 10 - STIPULATED PROTECTIVE ORDER

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Dated: _____

| _____ | _____ |
| Signature | Printed Name |

PAGE 11 - STIPULATED PROTECTIVE ORDER

116589.0452/5341606.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200