IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LARRY ARNETT** and **RONDA ARNETT**, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>**BANK OF AMERICA, N.A.** and **BAC HOME LOANS SERVICING, L.P.**,<br><br>                Defendants. | Case No.: 3:11-cv-01372-SI<br><br>**OPINION AND ORDER ON PLAINTIFFS' MOTION TO COMPEL** |

Scott A. Shorr
Timothy S. DeJong
Nadine A. Gartner
STOLL BERNE
209 S.W. Oak Street, Suite 500
Portland, OR 97204

Eric L. Cramer
Patrick F. Madden
Shanon J. Carson
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103

Brett H. Cebulash
Kevin S. Landau
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038

     Of Attorneys for Plaintiffs

Peter D. Hawkes
Tanya Durkee Urbach
LANE POWELL, PC
601 S.W. Second Avenue, Suite 2100
Portland, OR  97204-3158

John C. Englander
Dennis N. D'Angelo
Matthew G. Lindenbaum
GOODWIN PROCTER LLP
53 State Street, Exchange Place
Boston, MA  02109

David L. Permut
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC  20001

       Of Attorneys for Defendants

**SIMON, District Judge**.

Plaintiffs have filed a Motion to Compel.  Dkt. 55.  The parties, by stipulation, have resolved all but three of the discovery disputes presented in Plaintiffs' motion, and the Court has accepted and signed the parties' stipulation.  Dkt. 73.  Each side has submitted letter briefs in support of their respective positions on the remaining disputed issues.  Dkts. 74 and 75.  The court then held a telephone conference on May 25, 2012.  As more fully set forth below, Plaintiffs' Motion to Compel (Dkt. 55) is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

In this putative class action, Plaintiffs allege that they and the other putative class members have or formerly had loans or lines of credit with Defendants that were secured by residential real property.  Complaint (Dkt. 1) ¶ 1.  Plaintiffs further allege that Defendants "forced" Plaintiffs and the other putative class members "to purchase and/or maintain flood insurance in excess of the amounts required by federal law, in amounts greater than Defendants'

secured interest in the property, and contrary to the amounts agreed upon in the relevant loan and mortgage documents." *Id*. at ¶ 2. A class has not yet been certified. Defendants' Motion for Judgment on the Pleadings (Dkt. 25) has been fully briefed and argued and was taken under advisement on May 1, 2012.

## LEGAL STANDARDS

The scope and limits of discovery are set forth in Rule 26(b) of the Federal Rules of Civil Procedure. Rule 26(b)(1) provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. . . . . All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Among other limitations, Rule 26(b)(2)(C)(iii) provides that discovery shall be limited when the court determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." According to the United States Supreme Court, "[t]he scope of discovery under the Federal Rules is extremely broad," and "[a] relevant matter is 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in case.'" *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). In addition, a trial court enjoys broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002).

## DISCUSSION

Defendants estimate that they service approximately 193,000 loans nationwide where both: (a) the loan uses the Fannie Mae (Federal National Mortgage Association)/Freddie Mac

(Federal Home Loan Mortgage Corporation) uniform mortgage agreement; and (b) the borrower was sent a letter by Defendants demanding of proof of flood insurance. Defendants further estimate that approximately 90,000 of these loans may involve cases of "force-placed" flood insurance where the premiums for such insurance have not been fully refunded to the borrower. In addition, Defendants have a "Complaint Database" that, they estimate, contains approximately 3,000 entries, representing approximately 2,100 unique borrowers.

Rather than require production of relevant documents from all borrower loan files, the parties generally agree that production of appropriate files from a reasonable sampling of borrowers is all that is needed or warranted at this precertification stage of the lawsuit. Their disagreement primarily relates to precisely what files should be produced from the identified sample sets.

Plaintiffs seek discovery of: (1) the complete loan and servicing files (the "Complete Loan Files") for 1,000 borrowers, to be selected by Plaintiffs; (2) the electronic servicing records (the "ESR"), which is a smaller subset of the Complete Loan Files, for all borrowers identified in Defendants' Complaint Database; and (3) the ESR files for an additional 1,500 borrowers randomly selected from the larger categories described above. Defendants have agreed to produce the ESR files for all borrowers identified in the Defendants' Complaint Database plus the ESR files for an additional 700 borrowers to be selected at random. The real dispute does not seem to rest in the number of randomly-selected borrowers whose ESR files should be produced. Rather, the dispute focuses on whether Defendants need produce the Complete Loan Files at all at this time, or whether production of ESR files should be sufficient. Defendants also request that certain restrictions by placed on the ability of Plaintiffs' counsel to communicate with absent class members. These issues will be discussed in turn.

Page 4 – OPINION AND ORDER ON PLAINTIFFS' MOTION TO COMPEL

A.    **Complete Loan Files and ESR Files**

Defendants explain that the Complete Loan Files for each borrower are likely to contain, among other things, such personal financial records as a borrower's credit reports, pay stubs, tax returns, bank statements, and home appraisals. Defendants argue that not only are these items not relevant to the pending lawsuit, they are often considered by Defendants' customers to be highly personal and confidential. Defendants resist production of these documents. Defendants argue that the ESR files will show, among other things, which borrowers were "force-placed" with flood insurance, what those borrowers paid or were charged for such insurance, and even the premiums earned by Defendants for the placement of such insurance. In addition, Defendants state that the ESR files will identify whether there is any correspondence or other communication involving a borrower relating to flood insurance, although a copy of any such correspondence would only be found in the Complete Loan File and not in the ESR itself.

Plaintiffs seek production of the Complete Loan Files for a selected number of borrowers who are absent class members. Plaintiffs have already received, or should soon receive, the Complete Loan Files for the loans made to the named Plaintiffs. Plaintiffs argue that the relevancy of the documents in the Complete Loan Files is not in dispute and also that they need the Complete Loan Files in order to be able to contact the absent class members.

In their letter brief, Plaintiffs cite to the case of *York v. Starbucks Corp.,* 2009 WL 3177605 (C.D. Cal. June 30, 2009) and state that "[i]n ordering the production of names and contact information without usage restrictions, the court held:

> While the Court does not discount the employees' right to privacy, this right is not absolute. In this case, their right to privacy must yield to Plaintiff's efforts to pursue her claims (and, perhaps, ultimately, the employees' claims) against defendant. . . .

Page 5 – OPINION AND ORDER ON PLAINTIFFS' MOTION TO COMPEL

*Id.* at *1. Plaintiffs, however, failed to note the immediately preceding four sentences, which read:

> The information Plaintiff seeks is not particularly sensitive. It does not involve medical records or personal financial information. Rather, Plaintiff seeks merely the names, addresses, and telephone numbers of employees. The Court is confident that most of this information for most of these employees is already publicly available.

*Id.* at *1. Here, Plaintiffs are not seeking (by interrogatory or otherwise) merely a list of the names, addresses, and telephone numbers of the absent members of the putative class. Plaintiffs are seeking production of the Complete Loan Files for a sample of the members of the absent class, which contain extremely confidential and personal financial information of people who have not yet been afforded the opportunity to opt out of class litigation.

In response, Plaintiffs suggested during the telephone conference that Defendants may remove from the Complete Loan Files and not produce such confidential items as a borrower's credit reports, pay stubs, tax returns, bank statements, and home appraisals. While that solution may solve one problem, it would dramatically and unduly increase the burden of production on the part of Defendants. Thus, it is not an acceptable solution.

Accordingly, Defendants must provide to Plaintiffs' counsel, in addition to the unredacted Complaint Database, the ESR files for:

    (a)    all unique borrowers identified in the Complaint Database; and

    (b)    an additional 1,500 borrowers from the categories described above randomly selected in a manner to be agreed-upon by the parties.

Defendants need not produce the Complete Loan Files for any absent class member. If, however, Plaintiffs identify in any specific borrower's ESR file any flood-insurance related correspondence or other relevant communication and request the production of such specific documents from the Complete Loan File for that identified borrower, then Defendants shall

promptly review the Complete Loan File for that borrower and produce to Plaintiffs a copy of the requested correspondence or other relevant communication. Finally, Plaintiffs may use these documents only for the purposes of this litigation.

**B.     Communications with Absent Class Members**

Defendants have requested that the court order an "opt-in" process before Plaintiffs are permitted to contact any borrowers. The court declines to order that. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89 (1981).

The court will, however, place certain limitations on Plaintiffs' counsel if they choose to contact absent class members. First, Plaintiffs' counsel shall inform each putative class member contacted by Plaintiffs that he or she has the right not to talk to counsel and that, if he or she chooses not to speak with counsel, then Plaintiffs' counsel must terminate the contact and not contact that person again. Second, Plaintiffs' counsel shall keep a list of all individuals contacted and preserve that list so that it may be filed with the court if the Plaintiffs, after being afforded a full and fair opportunity to be heard, are ordered to do so. *See Feske v. MHC Thousand Trails Limited Partnership,* 2012 WL 1123587 (N.D. Cal. April 3, 2012).

Finally, Defendants have requested the opportunity to send a letter to its customers who are absent class members, informing them that some of their records may be disclosed to Plaintiffs' counsel pursuant to court order in this lawsuit. Defendants may do so but must promptly provide Plaintiffs' counsel with a copy of any such letters.

///

///

///

///

## CONCLUSION

For the foregoing reasons and to the foregoing extent, Plaintiffs' Motion to Compel (Dkt. 55) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

DATED this 29th day of May, 2012.

<u>/s/ Michael H. Simon</u>
Michael H. Simon
United States District Judge