IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LARRY ARNETT** and **RONDA ARNETT**, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>**BANK OF AMERICA, N.A.** and **BAC HOME LOANS SERVICING, L.P.**,<br><br>        Defendants. | Case No.: 3:11-cv-01372-SI<br><br>**OPINION AND ORDER** |

Timothy S. DeJong, Scott A. Shorr, and Nadine A. Gartner, STOLL STOLL BERNE LOKTING & SHLACHTER, P.C., 209 S.W. Oak Street, Fifth Floor, Portland, OR 97204; Eric L. Cramer, Shanon J. Carson, and Patrick F. Madden, BERGER & MONTAGUE, P.C., 1622 Locust Street, Philadelphia, PA 19103; Brett H. Cebulash and Kevin S. Landau, TAUS, CEBULASH & LANDAU, LLP, 80 Maiden Lane, Suite 1204, New York, NY 10038; and Edward F. Haber and Adam M. Stewart, SHAPIRO HABER & URMY, LLP., 53 State Street, Boston, MA 02109.

        Of Attorneys for Plaintiffs

Peter D. Hawkes, Tanya Durkee Urbach, LANE POWELL, P.C., 601 S.W. Second Avenue, Suite 2100, Portland, OR 97204-3158; John C. Englander, Matthew G. Lindenbaum, Brian M. LaMacchia, GOODWIN PROCTER, LLP, Exchange Place, 53 State Street, Boston, MA 02109; and David L. Permut, GOODWIN PROCTER, LLP, 901 New York Avenue, NW, Washington, DC 20001.

        Of Attorneys for Defendants

Page 1 – OPINION AND ORDER

**SIMON, District Judge**.

Plaintiffs have filed a Motion to Compel. Dkt. 106. After the filing of that motion, the parties were able to resolve by written stipulation many of the disputes presented in Plaintiffs' motion. Dkt. 118. The issues that remain for the Court are referred to by the parties as Matters 6, 13, 18, 19, 20, and 27.[1]

This discovery dispute primarily involves questions concerning the appropriate scope of discovery regarding a party's document collection activities and the interpretation and application of the requirement stated in Rule 30(b)(6) of the Federal Rules of Civil Procedure that a party's deposition notice to a corporation or other organization "describe with reasonable particularity the matters for examination." After reviewing the submissions of the parties and hearing oral argument, Plaintiffs' Motion to Compel is GRANTED IN PART AND DENIED IN PART. In addition, the Court allows the parties to serve on each other an additional twenty-five (25) written interrogatories, including all discrete subparts, beyond the limitations already stated in Fed. R. Civ. P. 33(a)(1).

## BACKGROUND

In this putative class action, Plaintiffs allege that they and the other putative class members have or formerly had loans or lines of credit with Defendants that were secured by residential real property. Complaint (Dkt. 1) ¶ 1. Plaintiffs further allege that Defendants "forced" Plaintiffs and the other putative class members "to purchase and/or maintain flood insurance in excess of the amounts required by federal law, in amounts greater than Defendants'

---

[1] During the oral argument on Plaintiffs' motion, the parties stated that they have resolved Matter 16, which had not yet been resolved when the parties filed their written stipulation.

secured interest in the property, and contrary to the amounts agreed upon in the relevant loan and mortgage documents." *Id*. at ¶ 2. A class has not yet been certified.

On July 11, 2012, the Court GRANTED IN PART AND DENIED IN PART Defendants' Motion for Judgment on the Pleadings. Dkt. 82. As a result, Plaintiffs' claims for breach of contract (Count IV, alleging both breach of express contract and breach of the implied covenant of good faith and fair dealing) and for conversion (Count VI) remain. *Id.*

## DISCUSSION

### A. Civil Discovery Under the Federal Rules

#### 1. The Scope and Limits of Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. . . . ." Fed. R. Civ. P. 26(b)(1). The scope of discovery under these rules is extremely broad. As the Supreme Court has explained, a relevant matter is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). A trial court has broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002).

The scope of discovery, however, is not unlimited. Rule 26(b)(2)(C)(i) provides that a court may limit discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some source that is more convenient, less burdensome, or less expensive." In addition, Rule 26(b)(2)(C)(iii) provides that a court may limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the

needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." This principle is known as the "rule of proportionality."

### 2. The Deposition of a Corporate Representative Under Rule 30(b)(6)

Rule 30 concerns depositions by oral examination. Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and *must describe with reasonable particularity the matters for examination*. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. *The person designated must testify about information known or reasonably available to the organization*. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

As explained by the Advisory Committee, the discovery device created by Rule 30(b)(6) was intended to assist both sides in the deposition process. Previously, officers or managing agents of a corporation who were deposed might use a technique known as "bandying," in which each witness in turn disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself. This rule was intended to curb that practice. In addition, organizations at times were subjected to an unnecessarily large number of their officers and agents being deposed by a party who is uncertain of who in the organization has knowledge regarding some specific matter at issue. The Advisory Committee observed that the burden placed by this rule on a party required to produce a witness or witnesses "is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge." Fed. R. Civ. P. 30, Advisory Committee Notes (1970 Amendments).

"In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. 'The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's "position" on the topic.' The designee testifies on behalf of the corporation and thus holds it accountable." *Sprint Commc'ns Co. L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006) (citations and footnotes omitted). Under this rule, "companies 'have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.* (citation and footnote omitted).

For these reasons, the purpose underlying Rule 30(b)(6) would be "frustrated in situations in which a corporate party produces a witness who is unable [ ] or unwilling to provide the necessary factual information on the entity's behalf." *Black Horse Lane Assoc. L.P. v. Dow Chem. Corp.,* 228 F.3d 275, 304 (3d Cir. 2000). Thus, the rule requires, if need be, that the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *United States v. Taylor,* 166 F.R.D. 356, 362, *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996). In short, corporate parties have an obligation to present witnesses who are capable of providing testimony on the noticed topics regardless of whether the information was in the witness' personal knowledge, provided that the information is reasonably available to the corporation. *Covad Commc'n Co. v. Revonet, Inc.,* 267 F.R.D. 14, 25 (D.D.C. 2010); *see also Nutramax Labs., Inc. v. Twin Labs, Inc.,* 183 F.R.D. 458, 469 (D. Md. 1998) ("The testimony of [Rule 30(b)(6)] witnesses also is not limited to matters within their personal knowledge, but extend to 'matters known or reasonably available to' the party designating the witness").

Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party, the rule itself expressly requires that the party requesting the deposition "must describe with reasonable particularity the matters for examination." As one court has explained, "to allow the Rule to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Sprint,* 236 F.R.D. at 528 (emphasis added); *see also Lipari v. U.S. Bancorp, N.A.,* Civ. No. 07-2146-CM-DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008). "Once notified as to the reasonably particularized areas of inquiry, the corporation then 'must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'" *Sprint,* 236 F.R.D. at 528 (citation and footnote omitted).

### 3. The Authority of the Court to Prescribe the Methods and Order of Discovery

The Federal Rules of Civil Procedure generally allow a party to select the method or methods of discovery and the order of discovery methods used. Rule 26(c)(1)(C), however, provides that the Court may, for good cause, and to protect a party or person from undue burden, among other reasons, issue an order "prescribing a discovery method other than the one selected by the party seeking discovery." For example, "[o]ne of the factors that courts consider when analyzing [whether to allow 30(b)(6) depositions] is whether, based on the facts of each case, . . . interrogatories are a more appropriate discovery tool than a 30(b)(6) deposition." *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH (MEJ), 2012 WL 1413368, at *2 (N.D. Cal. Apr. 23, 2012) (citing, *e.g.*, *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601–02 (1999) and *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C. 1996) (contention

interrogatories were more appropriate than a 30(b)(6) deposition for discovery in a patent case); *see also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-88 (N.D. Cal. 1991), *overruled on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991) (where a Rule 30(b)(6) topic calls for testimony so granular that "no human being * * * could reliably and completely set forth [the] material," Plaintiffs may be directed to seek that testimony through interrogatories).

B.  The Specific Discovery Disputes at Issue

1.  Matter 6

As stated in Plaintiffs' Motion to Compel, Plaintiffs seek "defendants' testimony regarding 'document destruction, retention and/or archiving policies' and defendants' 'preservation of evidence relating to the Actions.'" Dkt. 106. Plaintiffs' also seek a witness to testify about Defendant's "collection efforts in this litigation." Dkt. 108. Plaintiffs further state that "Defendants only agreed to produce documents containing their 'retention and destruction policies,' but refused to provide a witness on that topic or a witness on their preservation actions in this and other relevant actions." Dkt. 106.

In response, Defendants state that "Bank of America has produced its document retention policies." Dkt. 119. Defendants object to producing a Rule 30(b)(6) witness to discuss Defendants' policies, which Defendants state are "plain on their face." *See Spano v. Boeing Co.*, No. 3:06-cv-00743, 2008 WL 1902029, at *2 (S.D. Ill. Apr. 28, 2008) (denying request for Rule 30(b)(6) witness to testify to document retention policies as production of policies themselves meant that plaintiffs "already have all the information available regarding document retention"). Defendants further argue that Plaintiffs' Motion does not identify any aspect of Defendants' document retention policies that is unclear. The Court agrees with Defendants. Accordingly, to the extent that Plaintiffs require further information with regard to Defendants'

Page 7 – OPINION AND ORDER

document retention policies, Plaintiffs must first seek such additional information in appropriately-worded interrogatories. After receiving Defendants' responses, Plaintiffs may then issue a revised Rule 30(b)(6) deposition notice, and the Court will rule on any objections to any such revised notice if they arise and cannot be resolved by the parties themselves.

Plaintiffs also seek a Rule 30(b)(6) witness to testify concerning Defendants' document collection efforts in this case. Defendants respond that "Plaintiff's Motion and corresponding Declaration do not identify a single deficiency in Bank of America's production." Dkt. 119. Plaintiffs do not challenge that statement in their reply. Dkt. 125.

Defendants also respond that "how Bank of America collected documents in response to this litigation would be a waste of time as Bank of America's document collection efforts have been directed by counsel. Therefore, the collection process is protected by the attorney work product doctrine and the attorney-client privilege." Dkt. 119. Defendants cite several cases in support of their position, including *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 107 (D. Del. 2002) ("What steps were taken regarding any such review fall within the parameters of attorney client privilege and the attorney work doctrine."); *Coleman v. General Elec. Co.*, No. 94-CV-4740, 1995 WL 358089, at *1-3 (E.D. Pa. June 8, 1995) (finding a Rule 30(b)(6) topic seeking testimony regarding a party's "search efforts to find documents and information responsive to plaintiff's discovery requests" improper as it probed into subject matter protected by the work product privilege); *cf. Lockheed Martin Corp. v. L-3 Commc'ns Corp.*, No. 6:05-cv-1580, 2007 WL 2209250, at *10 (M.D. Fla. July 29, 2007) (documents containing "instructions about how to conduct the search" for responsive material are work product and protected from disclosure). Dkt. 119. In reply, Plaintiffs cite *Cannata v. Wyndham Worldwide Corp.*, No. 2:10-cv000068, 2011 WL 3495987, at *2-3 (D. Nev. Aug. 10, 2011).

Dkt. 125.  In *Cannata,* the court allowed discovery about "when and to whom the litigation hold letter was given, what kinds and categories of ESI [electronically-stored information] were included in defendants' litigation hold letter, and what specific actions defendants' employees were instructed to take to that end.  Although the letters themselves may be privileged, the basic details surrounding the litigation hold are not."  *Cannata,* 2011 WL 3495987, at *3.

Because the scope of Plaintiffs' Rule 30(b)(6) request on this matter was not set forth with "painstaking specificity," it is difficult for the Court to determine precisely what additional information Plaintiffs seek.  During the oral argument on Plaintiffs' motion, Defendants stated that they have already identified for Plaintiffs the specific document custodians from whom Defendants gathered documents, electronic or otherwise.  Defendants also stated that they have already disclosed to Plaintiffs the specific search terms used by Defendants in culling or narrowing the gathered ESI.  All of that information is properly discoverable, but according to Defendants it has been provided.  Plaintiffs, however, explained that they also would like to know the "processes" that were applied to these search terms and which of Defendants' electronic systems were searched, among other areas of inquiry.  Plaintiffs further stated that they would like the opportunity to follow-up on Defendants' answers with appropriate cross-examination.

To the extent that Plaintiffs seek additional factual information from Defendants regarding such things as which specific electronic systems or files were searched or how they were searched, that type of information is discoverable.  Accordingly, if Plaintiffs require any further information regarding Defendants' collection activities, Plaintiffs may seek such information in an appropriately worded interrogatory or set of interrogatories.  After receiving Defendants' responses, Plaintiffs may issue a revised Rule 30(b)(6) deposition notice, and the

Court will rule on any objections to any such revised notice if they arise and cannot be resolved by the parties themselves.

### 2. Matter 13

As stated in Plaintiffs' Motion to Compel, Plaintiffs seek "testimony regarding, among other things, 'the drafting and content of [defendants'] form lending agreements, HELOC's, deeds of trust, security instruments, and any flood insurance notices' and correspondence and documents relating to flood insurance and force placed flood insurance." Dkt. 106. Plaintiffs further state that "Defendants refused to provide any deponent, pointed instead to their document production, and instructed plaintiffs to submit interrogatories. Defendants further objected that 'no single person is capable of testifying to the breadth of this Matter,' but also refused to provide any person or persons to testify." *Id.* During oral argument, Plaintiff explained that they would like to learn such things as who drafted various documents, what were the sources for the various documents, and the like. Plaintiffs further stated that they would like the opportunity to follow-up on Defendants' answers with appropriate cross-examination.

Plaintiffs' Rule 30(b)(6) request on this matter, as originally framed, does not satisfy the requirement of "reasonable particularity," let alone provide "painstaking specificity." In their reply, Plaintiffs explain that they offered to compromise by revising their Matter 13 request to seek ten specifically-identified categories of information. Dkt. 125. Several of these revised descriptions do provide "reasonable particularity." They are revised items (a), (b), and (h).[2] A Rule 30(b)(6) deposition would be appropriate for these revised matters.

---

[2] Items (a), (b), and (h) of Plaintiffs' revised Matter 13 read as follows:

    a.    Where Bank of America acts as the mortgage loan originator, how Bank of America selects which mortgage agreement to use[.]

Page 10 – OPINION AND ORDER

In addition, although Plaintiffs' revised items (c), (d), (e), (f), and (g) are specific, they ask only for the "content" of certain form documents.[3] Plaintiffs did not specify in these items what additional information they wanted to learn in a Rule 30(b)(6) deposition. To the extent not previously produced and identified as such, the requested documents must be provided to Plaintiffs and appropriately identified. It would not be appropriate, however, to require Defendants to produce a Rule 30(b)(6) witness on these items because there is no "reasonable particularity" provided by Plaintiffs of what additional information they seek beyond the

---

    b.    Where Bank of America acquires mortgage loans through its correspondent lending program, what are Bank of America's criteria for selecting those loans, including, without limitation, what consideration is given to the mortgage agreements that are used and what flood insurance requirements are imposed at the time of origination[.]

    h.    Bank of America's authorization or ability to differ from the Fannie Mae/Freddie Mac written servicer guidelines, or the Secretary of HUD's flood insurance requirements[.]

Dkt. 125 at 5-6 of 12.

[3] Items (c), (d), (e), (f), and (g) of Plaintiffs' revised Matter 13 read as follows:

    c.    The content of the Fannie Mae/Freddie Mac form mortgage agreement pertaining to flood insurance[.]

    d.    The content of the FHA form mortgage agreement pertaining to flood insurance[.]

    e.    The content of form mortgage agreements of Fleet Bank (which originated the Bergers' mortgage), and other lenders from whom Bank of America acquired loans, pertaining to flood insurance[.]

    f.    The content of HELOC agreements pertaining to flood insurance[.]

    g.    The content of Notices of Special Flood Hazards produced in this case and Bank of America's authorization or ability to exceed the requirements in those notices[.]

Dkt. 125 at 6 of 12.

Page 11 – OPINION AND ORDER

documents themselves. At the minimum, this particularity is needed to allow Defendants a fair opportunity to fulfill their duty of selecting and preparing a witness to testify.

Finally, revised items (i) and (j) do not satisfy the requirement of "reasonable particularity."[4] On these matters, Plaintiffs may further refine their Rule 30(b)(6) request, may proceed by interrogatory, or may proceed by interrogatory followed by a further refined Rule 30(b)(6) request after receiving Defendants' interrogatory responses.

### 3. Matter 18

As stated in Plaintiffs' Motion to Compel, Plaintiffs seek "testimony regarding '[d]efendants' understanding of federal flood insurance requirements.'" Dkt. 106. Plaintiffs further state that "Defendants objected that 'this Matter is vague' and 'we cannot designate a witness to testify as to it.' They also objected that the matter sought testimony 'about legal conclusions.' They refused to provide a witness but suggested they might if plaintiffs 'rephrase the topic or discuss what you seek to inquire about it.'" *Id.*

Defendants' objection that the matter seeks testimony "about legal conclusions" is not well taken. To the extent that Defendants' "understanding" of federal flood insurance requirements may be relevant, that is a factual matter. Of course, whatever Defendants' actual and factual "understanding" of the federal requirements may be, that understanding will not be a

---

[4] Items (i) and (j) of Plaintiffs' revised Matter 13 read as follows:

i. The drafting and content of Bank of America's form cycle letters, including who is responsible for drafting these documents[.]

j. All studies or reports that Defendant has undertaken concerning the flood insurance requirements of the loans it has acquired through its correspondent lending program.

Dkt. 125 at 6 of 12.

substitute for the Court's independent analysis of any substantive legal questions that the Court may be called upon to decide.

As currently framed, however, Plaintiffs' request on this matter does not satisfy the requirement of "reasonable particularity" set forth in Rule 30(b)(6), let alone provide "painstaking specificity." Plaintiffs may refine their Rule 30(b)(6) request, may proceed by interrogatory, or may proceed by interrogatory followed by a refined Rule 30(b)(6) request after receiving Defendants' interrogatory responses.

### 4.    Matter 19

In Plaintiffs' Rule 30(b)(6) notice at Matter 19, Plaintiffs requested a witness to testify concerning "Defendants' understanding of the flood insurance requirements of Fannie Mae and Freddie Mac, and written or oral communications regarding those requirements." Dkt. 109, Ex. D, at p. 10 of 16. Freddie Mac (formerly, the "Federal Home Loan Mortgage Corporation") and Fannie Mae (formerly, the "Federal National Mortgage Association") are Government-Sponsored Entities ("GSEs"). Defendants designated Janet Loriot to testify on Matter 19, as well as on Matter 20 (communications with federal and state agencies) and Matter 27 (internal and external audits). Dkt. 119, at 15 of 18.

According to Plaintiffs,

> Defendant unilaterally limited the designation to testifying "generally to the relevance of the GSEs' flood insurance requirements to the requirements of Bank of America." *See* Madden Dec., Ex. E. Even within the artificial and inappropriate limits placed on her designation, Ms. Loriot did not know even the most basic information requested of her, including, without limitation (1) the flood insurance requirements of Bank of America and Countrywide prior to their merger; (2) who determined flood insurance requirements at the two entities; (3) the dates the GSEs changed their flood insurance requirements; and whether the GSEs ever demanded Defendant obtain replacement cost coverage for borrowers in its servicing portfolio. *See id.* ¶ 16.a.i and Ex. I. Knowledge of each of these topics is required to testify as to the effect that the GSEs' requirements have on

> Defendant's requirements throughout the applicable period.  These are issues at the heart of this case.

Dkt. 108, at 12-13 of 17.

In response, Defendants state that, among other things, "Plaintiffs noticed extremely broad topics that were not stated with reasonable particularity." Dkt. 119, at 15 of 18. Defendants add that with regard to Plaintiffs' point (1) above, Ms. Loriot was not the witness designated to discuss the flood insurance requirements of Bank of America and Countrywide prior to their merger. *Id.* at 16 of 18.  According to Defendants, that topic is contained within Matter 23 and was discussed by a different witness. *Id.* Plaintiffs did not include Matter 23 within their motion to compel.

With regard to Plaintiffs' point (3) above, Ms. Loriot did not know the specific dates that Freddie Mac and Fannie Mae "changed their flood insurance requirements."  Defendants argue, however, that Plaintiffs' Rule 30(b)(6) notice was not stated with sufficient particularity to address that degree of detail and that a Rule 30(b)(6) deposition is not a "memory test," citing *Alexander v. F.B.I.,* 186 F.R.D. 137, 142-43 (D.D.C. 1998). Dkt. 119, at 15-16 of 18.  In reply, Plaintiffs state that "[w]ith Ms. Loriot, however, memory was not an issue.  Rather, Ms. Loriot had no personal knowledge of anything prior to taking her position in June 2011 and did nothing to educate herself on the topics for the time period preceding her tenure." Dkt. 125, at 8-9 of 12.

As noted earlier, in responding to a Rule 30(b)(6) notice of deposition, a corporate party has the obligation to prepare the designated witness sufficiently "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Sprint,* 236 F.R.D. at 528.  It is, therefore, wholly insufficient for a designated witness to explain that he or she has no knowledge of matters that took place before the witness joined the corporation.  But because such thorough preparation is demanded of a responding corporation, Rule 30(b)(6) requires the

requesting party to describe with "reasonable particularity," indeed "with painstaking specificity," the particular subject areas that are intended to be questioned. *Id.* Thus, Rule 30(b)(6) places significant burdens on *both* the requesting party and the responding party, but if each side fulfills its responsibilities, the discovery device created by that rule will work smoothly and properly and will increase the efficiency and cost-effectiveness of civil discovery for both parties.

Nonetheless, Plaintiffs' request, as currently framed, does not satisfy the requirement of "reasonable particularity" set forth in Rule 30(b)(6), let alone provide "painstaking specificity." That may well explain why the designated witness was unprepared to discuss matters that occurred before she joined the corporation. Plaintiffs may refine their Rule 30(b)(6) request, may proceed by interrogatory, or may proceed by interrogatory followed by a refined Rule 30(b)(6) request after receiving Defendants' interrogatory responses.

### 5. Matter 20

As stated in Plaintiffs' Motion to Compel, Plaintiffs seek "testimony with respect to defendants' written and oral communications with the "federal and state governmental agenc[ies] * * * relating to flood insurance or the forced-placement of flood insurance." Dkt. 106. As stated in Plaintiffs' Rule 30(b)(6) deposition notice, Plaintiffs described the relevant federal and state agencies as "FHA, HUD, FEMA, OCC or any federal or state governmental agency or official." Dkt. 109, Ex. D, at 10 of 16. Plaintiffs further state in their motion that "Defendants objected that '[n]o person or persons could possibly be designated to speak for Bank of America on such a broad and vague topic' and directed plaintiffs to submit a document request. Subject to a claimed bank examination privilege, defendants only agreed that one corporate witness

could 'testify generally to Bank of America's protocol in dealing with its regulators regarding flood insurance.'" Dkt. 106.

In reply, Plaintiffs explain that "Plaintiffs proposed to limit the topic to 'whether Defendant communicated with FHA, HUD, FEMA, OCC, or any federal or state government agency or official specifically with respect to: a) whether Defendant could force-place flood insurance at replacement cost value when it exceeds unpaid principal balance; and b) whether Defendant could increase its flood insurance requirements during the life of the loan, and if so, describe all details concerning those communications.' These are two specific questions on which a Company witness can easily be prepared to testify." Dkt. 125.

Even as currently framed and limited, Plaintiffs' request still does not satisfy the requirement of "reasonable particularity" set forth in Rule 30(b)(6), let alone provide "painstaking specificity." Among other problems, the requirement that a Rule 30(b)(6) witness be expected to describe "all details concerning those communications" is ambiguous and does not clearly explain what it is that Plaintiffs expect such a witness to be prepared to describe. Plaintiffs may further refine their Rule 30(b)(6) request, may proceed by interrogatory, or may proceed by interrogatory followed by a further refined Rule 30(b)(6) request after receiving Defendants' interrogatory responses.

In addition, the bank examination privilege is a narrow privilege. As a general proposition, the privilege shields from disclosure supervisory communications between financial institutions and their federal regulators, including such items as bank examination reports and communications related to those reports. *See generally In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d 630, 633-34 (D.C. Cir. 1992). As discussed during the oral argument on Plaintiffs' motion, the parties appear to agree that, for the purposes of this action,

Page 16 – OPINION AND ORDER

the bank examination privilege applies only to certain communications between Bank of America and the Office of the Comptroller of the Currency ("OCC") and between Countrywide (which was acquired by Bank of America) and the Office of Thrift Supervision ("OTS"). The parties also appear to agree that the bank examination privilege does not apply to communications with any state governmental entities or with any GSEs, such as Freddie Mac or Fannie Mae. If any further and more specific dispute arises between the parties concerning the invocation or application of the bank examination privilege, the parties may seek further assistance from the Court for any matter that they cannot resolve among themselves.

      **6.    Matter 27**

As stated in Plaintiffs' Motion to Compel, Plaintiffs seek "testimony regarding 'all internal or external audits, assessments, studies, investigations, reports or examinations relating to flood insurance or the force-placement of flood insurance' by or on behalf of defendants." Dkt. 106. Plaintiffs further state that "Defendants objected as 'overbroad, vague, ambiguous and to the extent its meaning is decipherable, it is also unduly burdensome.' Defendants objected that it was 'impossible to designate one person or even multiple person [sic] to testify on behalf of Bank of America on such a topic.' They further objected on various confidentiality and privilege bases and stated that they believed plaintiffs had submitted a document request. Defendants only agreed to provide a single corporate witness, subject to privilege grounds to 'testify generally to regulatory compliance with respect to Bank of America's lender-placed flood insurance program.'" *Id.*

Plaintiffs' request, as currently framed, does not satisfy the requirement of "reasonable particularity" set forth in Rule 30(b)(6), let alone provide "painstaking specificity." Plaintiffs may refine their Rule 30(b)(6) request, may proceed by interrogatory, or may proceed by

interrogatory followed by a refined Rule 30(b)(6) request after receiving Defendants' interrogatory responses.

## CONCLUSION

For the foregoing reasons and to the foregoing extent, Plaintiffs' Motion to Compel (Dkt. 106) is **GRANTED IN PART AND DENIED IN PART**. In addition, the Court allows the parties to serve on each other an additional twenty-five (25) written interrogatories, including all discrete subparts, beyond the limitations already stated in Fed. R. Civ. P. 33(a)(1).

IT IS SO ORDERED.

DATED this 17th day of December, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge