IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LARRY ARNETT, RONDA ARNETT, ALICE A. BERGER, LEE M. BERGER, SUSAN LASS, MARK LEMMER, PAMELA LEMMER, KARYL RESNICK, ERIC SKANSGAARD, DONNA M. WADE, and EDWARD M. WALLACE, JR., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>BANK OF AMERICA, N.A., in its own capacity and as successor by merger to BAC HOME LOANS SERVICING, L.P.,<br><br>        Defendant. | Case No. 3:11-CV-01372-SI |

**[PROPOSED] ORDER: (1) PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, (2) APPROVING PROPOSED NOTICE OF SETTLEMENT AND AUTHORIZING DISTRIBUTION OF NOTICE VIA FIRST CLASS MAIL, (3) CERTIFYING SETTLEMENT CLASS, (4) APPOINTING PLAINTIFFS' COUNSEL AS COUNSEL FOR THE SETTLEMENT CLASS, (5) DESIGNATING PLAINTIFFS AS CLASS REPRESENTATIVES, AND (6) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement with Defendant Bank of America, N.A., in its own capacity and as successor by merger to BAC Home Loans Servicing, L.P. ("BANA" or "Defendant"). The Court has considered the Motion, the proposed Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), the Notice of Proposed Class Action Settlement ("Class Notice"), the other papers submitted in connection with the Motion, and all files, records, and proceedings in the above-captioned action (the "Action"). Finding good cause to approve the Motion, the Court now finds and ORDERS as follows:

1

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court preliminarily approves the Settlement Agreement and the terms set forth therein, subject to further consideration at the Final Approval Hearing after members of the Settlement Class have had an opportunity to opt-out of the Settlement or object to the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, solely for purpose of effectuating this Settlement, the following Settlement Class:

> All persons who were sent a flood insurance cycle letter by BANA, Countrywide Home Loans, Inc., or Countrywide Home Loans Servicing, LP or who were charged for lender-placed flood insurance by BANA, Countrywide Home Loans, Inc., or Countrywide Home Loans Servicing, LP on or after January 1, 2007 and before April 4, 2014 in connection with a residential mortgage loan, home equity line of credit, reverse mortgage loan, or loan secured by shares in a cooperative housing association.

4. The Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The number of class members in the Settlement Class is sufficiently numerous that joinder of all members is impractical. There are questions of law and fact common to the Settlement Class with respect to both the challenged "commission" practice and BANA's flood insurance coverage requirements. Plaintiffs' claims are typical of the claims of the Settlement Class. Finally, Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Class, and will do so in connection with the Settlement Agreement.

5. The Court further finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over any individualized issues, and resolution of this action as a class action

is superior to alternative methods of adjudicating the claims of the members of the Settlement Class.

6. The Court appoints the named Plaintiffs in the Consolidated Amended Complaint -- Larry Arnett, Ronda Arnett, Alice A. Berger, Lee M. Berger, Susan Lass, Mark Lemmer, Pamela Lemmer, Karyl Resnick, Eric Skansgaard, Donna M. Wade, and Edward M. Wallace, Jr. -- as Class Representatives for the Settlement Class.

7. The Court appoints Plaintiffs' counsel, Berger & Montague, P.C., Nichols Kaster, PLLP, Stoll Stoll Berne Lokting & Shlachter P.C., Taus, Cebulash & Landau, LLP, and Shapiro Haber & Urmy LLP, as Class Counsel for the Settlement Class, and appoints Berger & Montague, P.C. and Nichols Kaster, PLLP as co-lead Class Counsel.

8. The Court also hereby approves Analytics, LLC as the Claims Administrator.

9. The Court finds on a preliminary basis that the terms of the Settlement Agreement (including the monetary relief, prospective relief, and release of claims) are fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e). The Court further finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel adequately investigated the claims of the named Plaintiffs and the Settlement Class and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive. The Court therefore grants preliminary approval of the Settlement.

10. The Court finds and concludes that the Class Notice and the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class will provide the best notice practicable, satisfies the notice requirements of Rules 23(c)(2)(B) and 23(e), adequately advises members of the Settlement Class of their rights under the Settlement, and meets the

requirements of due process. The Class Notice fairly, plainly, accurately, and reasonably provides Settlement Class members with all required information, including (among other things): (1) a summary of the lawsuit and the claims asserted; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) an explanation as to which Settlement Class members must submit a claim and instructions as to how such Settlement Class members may make a claim; (5) a disclosure of the release of claims should they choose to remain in the class; (6) an explanation of Settlement Class members' opt-out rights, a date by which Settlement Class members must opt out, and information regarding how to do so; (7) instructions as to how to object to the Settlement and a date by which Settlement Class members must object; (8) the date, time, and location of the final approval hearing; (9) the internet address for the settlement website and the toll-free number from which Settlement Class members may obtain additional information about the Settlement; and (10) the names of the law firms representing the Settlement Class, contact information for the co-lead firms, and information regarding how Class Counsel and the named Class Representatives will be compensated.

11. The proposed plan for mailing the Class Notice by first class mail to the last known addresses of the members of the Settlement Class is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. Any Class Notice returned to the Claims Administrator as non-deliverable before the deadline for opting out of the Settlement shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, then the Claims Administrator shall perform a standard skip trace to attempt to determine the most current mailing address, and shall resend the Class Notice to the appropriate address(es). Any undelivered Class Notices shall be resent within three (3) business days after

the Claims Administrator receives notice that the Class Notice was undeliverable, and the Claims Administrator will update addresses based on any forwarding addresses received, any skip traces performed, and/or any updated address information provided by Settlement Class Members or Class Counsel. Accordingly, the Court approves the Class Notice, and the manner of distributing the Class Notice to Settlement Class members.

12. The Court further finds that the Claim Form set forth in the Settlement Agreement is not unduly burdensome for Settlement Class members to complete, and that the claims process established by the Settlement for Settlement Class members to receive compensation in connection with their claims regarding excessive flood insurance requirements is reasonable and appropriate.[1] Members of the Settlement Class who wish to receive monetary compensation under the Settlement in connection with their claims regarding excessive flood insurance requirements must submit a valid and timely Claim Form to the designated Claims Administrator, as provided in the Settlement Agreement, postmarked no later than 60 days after the Class Notice Date.

13. Following entry of this Preliminary Approval Order, BANA shall produce (or shall supplement to the extent this information has already been produced), based upon its regularly maintained mortgage banking business records, the following information to Class Counsel and the Claims Administrator for all Settlement Class Members, in electronic format:

    a. Settlement Class Members' names;

    b. Settlement Class Members' last-known mailing address;

---

[1] Settlement Class members who were charged for lender-placed insurance will receive compensation in connection with their claims regarding improper commissions without being required to complete and return a Claim Form.

5

      c.      Date of first flood insurance cycle letter sent to borrower during the Class Period;

      d.      Net premiums charged to borrower for lender-placed flood insurance ("LPFI") during the Class Period;

      e.      Most recent unpaid principal balance ("UPB");

      f.      For loans that are no longer active, the date the loan was paid off or otherwise removed from BANA's active servicing portfolio;

      g.      Whether the loan is in a Co-Op to BANA's knowledge; and

      h.      Whether the loan has an active escrow account.

14. Within twenty-one (21) days after receiving the Class List, the Claims Administrator shall mail the Court-approved Class Notice and Claim Form to all Settlement Class Members, which shall provide instructions and information to Settlement Class Members concerning the Settlement, their right to receive a share of the Net Settlement Fund, which Settlement Class members must submit a claim and instructions as to how such Settlement Class members may make a claim, and Settlement Class members' objection rights and opt-out rights. For purposes of this mailing, the Claims Administrator shall use the address information supplied by BANA, subject to appropriate updating based on the information in the United States Post Office National Change of Address Database.

15. On or before the Class Notice Date, the Claims Administrator shall make active a website describing the terms of the Settlement and from which Settlement Class Members can download relevant forms such as the Consolidated Amended Complaint; the Class Notice; the Claim Form; the Settlement Agreement; the Court's Preliminary Approval Order; Class Counsel's Motion for Final Approval and Motion for Attorneys' Fees and Expenses; and the

Court's Final Approval Order. The website shall allow Settlement Class Members to upload completed claim forms, and shall include the toll free number applicable to this Settlement. This website shall remain active until such time as distributions of Settlement Payments are completed to Eligible Class Members and the period for cashing settlement checks expires.

16. On or before the Class Notice Date, the Claims Administrator also shall arrange for a telephone call center facility with a toll free number to be active until such time as all distributions of Settlement Payments are completed to Eligible Class Members and the period for cashing settlement checks expires, in order to respond to questions from Settlement Class Members.

17. Members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion from the Settlement ("opt-out"), postmarked no later than 60 days after the Class Notice Date. Such written request for exclusion must contain the name, address, telephone number, and email address of the Settlement Class member requesting exclusion, and be personally signed by the Settlement Class member who seeks to opt out. The opt-out request must be sent by mail to the Claims Administrator and must be timely postmarked as set forth above. The postmark date of the mailing envelope shall be the exclusive means used to determine whether an opt-out has been timely submitted. Untimely requests to opt-out will be deemed invalid and ineffective. No opt-out request may be made on behalf of a group of Settlement Class Members. If more than one person was obligated on the loan, then the opt-out notice needs to be signed by all obligors on the loan to be valid. Any member of the Settlement Class who timely requests exclusion from the Settlement Class and chooses to opt-out of the Settlement will not be entitled to any compensation in connection with the Settlement and will not be bound by the Settlement

Agreement or have any right to object, appeal, or comment thereon. Members of the Settlement Class who do not submit a valid and timely request to opt-out shall be bound by all terms of the Settlement Agreement. The Claims Administrator shall provide the Parties with copies of all opt-out requests on a weekly basis.

18. Any member of the Settlement Class who wishes to object to the Settlement must file a written statement of objection with the Court and mail a copy to the Claims Administrator, filed and postmarked no later than 60 days after the Class Notice Date. The Notice of Objection must state the basis for the objection. Such objection must contain the name, address, telephone number, and email address of the Settlement Class member making the objection, and be personally signed by the Settlement Class Member. The objection must be sent by mail to the Claims Administrator and must be timely postmarked as set forth above. The postmark date of the mailing envelope shall be the exclusive means used to determine whether an objection has been timely submitted. The Claims Administrator shall provide the Parties with copies of all objections on a weekly basis. Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from seeking review or making any objection (whether by appeal or otherwise) to the Settlement or the terms of the Settlement Agreement.

19. Any Settlement Class Member who files and serves a written objection in accordance with Paragraph 18 above may appear, in person or by counsel, at the Final Approval Hearing, to show cause why the proposed Settlement should not be finally approved, but only if the objecting Settlement Class Member: (i) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the deadline for submitting objections; and (ii) serves the Notice of Intention to Appear on all counsel designated

in the Class Notice.  The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in this paragraph shall not be entitled to appear at the Final Approval Hearing and raise any objections.

20. The Court will conduct a Final Approval Hearing on _____, 2014, at _____ [a.m.] [p.m.], to determine whether the Settlement is fair, reasonable and adequate, whether the notice provided to Settlement Class members constitutes the best notice practicable and satisfies due process, whether any objections to the Settlement should be overruled, whether Class Counsel's motion for attorneys' fees, costs, and expenses (including expenses of settlement administration) should be approved, and whether a class representative award to the named Class Representatives should be approved (and in what amount).

21. At least 30 days prior to the Opt-Out Deadline and objection deadline, Class Counsel shall file a Motion for Attorneys' Fees and Expenses in accordance with Fed. R. Civ. P. 23(h).  Plaintiffs' Final Approval Motion shall be filed no later than fourteen (14) days prior to the date of the Final Approval Hearing.  In the Final Approval Motion, Class Counsel shall address any timely submitted objections to the Settlement.

22. Pending the Court's final determination as to whether the Settlement should be approved, all members of the Settlement Class and all persons acting on behalf of any member of the Settlement Class are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively on behalf of them, or in any other capacity of any kind whatsoever, any action in any state court,

any federal court, or any other tribunal or forum of any kind, against the Released Parties which falls within the definition of the Released Claims in the Settlement Agreement and shall not pursue any pending actions against the Released Parties asserting the Released Claims.

23. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and Plaintiffs, the Settlement Class members, and BANA shall revert to their respective positions before entering into the Settlement Agreement.

**IT IS SO ORDERED**

Dated: _____  _____
Honorable Michael H. Simon
United States District Court Judge