IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LARRY ARNETT, RONDA ARNETT, ALICE A. BERGER, LEE M. BERGER, SUSAN LASS, MARK LEMMER, PAMELA LEMMER, KARYL RESNICK, ERIC SKANSGAARD, DONNA M. WADE,** and **EDWARD M. WALLACE, JR.**, individually and on behalf of all others similarly situated, | Case No. 3:11-cv-1372-SI  **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| **BANK OF AMERICA, N.A.**, in its own capacity and as successor by merger to **BAC HOME LOANS SERVICING, L.P.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

This is a national class action under Federal Rule of Civil Procedure 23, brought on

behalf of individuals who allegedly were required by Defendant Bank of America, N.A., in its

own capacity and as successor by merger to BAC Home Loans Servicing, L.P., to purchase

excessive or unnecessary flood insurance between January 1, 2007 and April 4, 2014. The Court

has already certified a settlement class and approved the settlement agreement. This matter

comes before the Court on Objector Henry Adkins' ("Adkins") motion for attorney's fees and

expenses. Dkt. 291.

PAGE 1 – OPINION AND ORDER

For the reasons discussed below, Adkins' motion for attorney's fees is granted in part. Adkins is awarded $9,566.78 for attorney's fees, which represents 25 percent of the $38,267.11 benefit to the Settlement Fund achieved from class counsel's withdrawal of their request for reimbursement of costs originally requested by class counsel relating to two cases that were not resolved in the settlement of this action. The Court finds that Adkins' objections to these specific costs provided a benefit to the class. Adkins is also awarded $3,169.53 for related expenses. Adkins is not awarded any attorney's fees, however, relating to the Court's decision to award the "benchmark" 25 percent of the common fund as attorney's fees in this action, instead of the 30 percent requested by class counsel, because Adkins' objections on this issue did not affect or assist the Court's analysis of attorney's fees.

## BACKGROUND

On April 17, 2014, the Court preliminarily approved a settlement class and settlement agreement in this case. Pursuant to this preliminary approval, a schedule was set under which a notice was sent to all putative class members informing them of their rights, including their right to object to the settlement and the attorney's fees and costs requested by class counsel. The notice also informed class members that class counsel intended to request attorney's fees in the amount of 30 percent of the settlement fund. Under this schedule, class counsel filed their motion for attorney's fees on July 11, 2014, requesting 30 percent of the settlement fund. Class members had until August 11, 2014 to lodge any objections.

On August 11, 2014, Adkins timely filed objections to the requested attorney's fees and expenses. Adkins objected that: (1) class counsel inflated their lodestar calculation by including excess time and charging inflated rates; (2) class counsel violated the Court's local rules regarding fee petitions by failing to provide appropriate documentation; and (3) class counsel failed properly to document the requested expenses. The preliminary approval order required that

PAGE 2 – OPINION AND ORDER

Plaintiffs respond to any objections at least fourteen days before the fairness hearing. On

August 25, 2014, class counsel filed their reply in support of their fee motion and responded to

the objections raised, including Adkins' objections.[1]

On September 8, 2014, one day before the fairness hearing, Adkins filed a sur-reply,

arguing with respect to the attorney's fees request that the factors set out by the United States

Court of Appeals for the Ninth Circuit that are to be considered when class counsel requests an

upward departure from the Ninth Circuit's benchmark 25 percent fee award did not support an

upward departure in this case. Specifically, Adkins argued that: (1) the results achieved do not

compare favorably with the results achieved in *Clements v. JP Morgan Chase, N.A.*, Case No.

3:12-cv-02179 (N.D. Cal.); (2) class counsel inflated their lodestar figures, which serve as a

"backcheck" for percentage-of-the-fund attorney's fee awards because some of the work

performed by counsel related to cases that did not provide a benefit to the class and because the

amount of time spent by Plaintiffs' counsel was not extraordinary or unusual for class action

litigation; and (3) class counsel did not undertake any special or extraordinary risk in litigating

this case.

The Court held a fairness hearing on September 9, 2014, which counsel for Adkins

attended. The Court opened the portion of the hearing relating to attorney's fees by describing

the factors established by the Ninth Circuit for considering upward departures from the 25

percent benchmark, noting that the Court was concerned primarily with the results obtained and

the lodestar cross check factors. The Court expressed skepticism regarding class counsel's

request for an upward departure from the Ninth Circuit's 25 percent "benchmark" fee to 30

---

[1] On August 26, 2014, class counsel timely filed a motion for final approval of the
settlement agreement, responding to the objections raised against the fairness of the agreement.
The objections to the settlement agreement are not at issue in the Adkins motion before the
Court.

percent. The Court then heard argument from counsel. Counsel for Adkins argued at the hearing, focusing on the results-obtained factor as compared to *Clements* and the issue of the evidentiary support for the requested fees.

At the fairness hearing, the Court questioned class counsel regarding the $38,267.11 in requested expenses relating to two cases that had been dismissed before the settlement agreement was reached and were not being resolved in the settlement agreement. The Court allowed supplemental briefing on this issue. On September 15, 2014, class counsel withdrew their request for those specific expenses.

On September 18, 2014, the Court approved the settlement agreement and granted in part Plaintiffs' motion for attorney's fees and costs. The Court awarded the 25 percent benchmark percentage of the common fund as attorney's fees. The Court declined to award the requested 30 percent, primarily because the Court found that: (1) the results obtained were not extraordinary, particularly when compared with settlements achieved in *Fladell v. Wells Fargo*, No. 13-cv-60721, Docket No. 182 (S.D. Fl.) and *Casey v. Citibank, N.A.*, Civil Action No. 5:12-cv-820-DNH-DEP (N.D.N.Y.);[2] (2) because the settlement resolved seven different actions, the lodestar time included time that was likely duplicative and repetitive; and (3) the 25 percent benchmark fee award adequately compensated class counsel for the remaining factors, including the risk involved, the experience of counsel, and the reaction of the class.

## DISCUSSION

Objectors may be entitled to fees if they "substantially enhance[] the benefits to the class under the settlement." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002); *see also Fraley v. Facebook, Inc.*, 2014 WL 806072, at *2 (N.D. Cal. Feb. 27, 2014) (noting that

---

[2] The Court did not consider the *Clements* settlement, raised by Adkins, to be a persuasive comparator.

"the threshold requirements remain that the objectors must 'contribute materially to the proceeding' and 'produce an improvement in the settlement worth more than the fee they are seeking'" (quoting *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002))). Here, Adkins objected to class counsel's request for expenses and request for an upward departure in attorney's fees to 30 percent of the common fund. The Court finds that Adkins' objections contributed materially to the expense benefit obtained by the common fund ($38,267.11), but did not contribute materially to the Court's decision to award the 25 percent benchmark as attorney's fees.

## A.  Benefit to Class Members Relating to Expenses Awarded

Adkins' objections to class counsel's requested expenses incurred litigating the two cases that were dismissed before the settlement agreement alerted the Court to the issue and, as a result, the Court questioned class counsel about those expenses at the hearing. Shortly after the fairness hearing, class counsel withdrew their request for reimbursement of those specific expenses. Thus, the Court finds that Adkins' objections materially assisted the Court with respect to those specific expenses and substantially benefited the class by increasing the settlement fund by $38,267.11. The Court, therefore, awards Adkins attorney's fees in the amount of 25 percent of the benefit obtained: $9,566.78. The Court also awards Adkins the expenses incurred in pursuing his objections: $3,169.53. The Court finds that the requested expenses are reasonable.

## B.  Benefit to Class Members Relating to Attorney's Fees Awarded

The Court noted in its Opinion and Order relating to class counsel's attorney's fee request that the Court reached its opinion regarding fees "based on its own analysis of the requested fee award and was not materially assisted by the comments made by any of the Objectors." Adkins argues that notwithstanding the fact that the Court may have reached its conclusions without the assistance of Adkins' objections, he is still entitled to attorney's fees

PAGE 5 – OPINION AND ORDER

because at the time he filed his objections, the Court had not put in the record its concerns regarding the requested 30 percent fee award. Adkins relies heavily on *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009). The Court disagrees with Adkins' interpretation of *Rodriguez* and denies Adkins' motion with respect to the Court's attorney's fee award.

*Rodriguez* involved a class action settlement wherein incentive agreements were entered into between class counsel and class plaintiffs at the time class counsel was retained. *Id.* at 959. These agreements obligated class counsel to move for incentive awards to the named plaintiffs based on a sliding scale tied to the ultimate amount of recovery by the class. *Id.* at 958. The plaintiffs did not disclose these agreements to the district court, and "the incentive agreements came to the fore when Objectors pounced on them in opposing class counsel's motion for incentive awards to the class representatives. This happened after preliminary approval of the settlement." *Id.* at 959. The district court denied the incentive awards to the named plaintiffs, but also denied the objectors' request for attorney's fees because "Objectors' counsel 'did not add anything' to [the district court's] decision to deny incentive awards." *Id.* at 963 (quoting the district court). The Ninth Circuit reversed this decision by the district court, stating:

> This seems clearly erroneous to us. The court was not focused on the incentive agreements before Objectors took exception to them after the motion to award payments to the class representatives was filed. In the wake of that objection, the court denied the motion for incentive awards in its entirety because the amounts requested were unreasonable and the incentive agreements were inappropriate and contrary to public policy. The net effect was to leave $325,000 in the settlement fund—for distribution to the class as a whole—that otherwise would have gone to the class representatives. Given this, we cannot let stand a ruling that Objectors did nothing that increased the fund or substantially benefitted the class members. Therefore, we remand for the district court to reconsider the extent to which Objectors added value that increased the fund or substantially benefitted the class members, and to award attorney's fees accordingly.

*Id.* Upon remand, the district court found that the objectors made a minimal contribution and awarded the objectors' counsel five percent of the increase to the common fund, which was affirmed by the Ninth Circuit. *See* Dkts. 295-13 and 295-14.

Adkins argues that the only way the Ninth Circuit could have concluded that the district court erred was because the district court was not focused on the incentive agreements before the objections were filed. Adkins asserts that the Ninth Circuit examined the record and found that nothing indicated that the court was concerned about the incentive awards and the incentive agreements before the objections. Thus, Adkins argues, because the Court here had not placed in the record any concerns regarding the requested upward departure to 30 percent before Adkins filed his objections, Adkins should receive attorney's fees.

The critical point in *Rodriguez*, however, is that the district court was not focused on the incentive awards until the objections raised the issue. That is not the case with attorney's fees requests that seek an upward departure from the 25 percent benchmark fee award because district courts in the Ninth Circuit are obligated to carefully consider such requests.

*Rodriguez* does not stand for the proposition that if a court does not put in the record its concerns regarding an upward departure from the benchmark 25 percent fee award before objections are due, any class member who objects to that upward departure is entitled to attorney's fees if the court ultimately rejects the requested upward departure. The 25 percent fee award is the benchmark, and district courts in the Ninth Circuit must analyze the established factors and put on the record the exceptional circumstances that support any upward departure from that fee award. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). This is unlike the circumstances in *Rodriguez*, where without the objectors raising the issue of the incentive agreements and their effect on the requested incentive awards, the court

PAGE 7 – OPINION AND ORDER

may not have known about those agreements and may not have analyzed their effect on the propriety of the requested incentive awards.

It appears that Akins is arguing that a court must place in the record its concerns with a proposed fee request before the motion for attorney's fees has been filed and before the class has responded to the request, presumably at the time of preliminary approval. This is generally inappropriate, because the factors a court should evaluate in considering whether to award an upward departure include the response of the class and a lodestar cross-check, neither of which are available at the preliminary approval stage. Adkins' argument would require a court to pre-judge a proposed fee request before that request has been fully briefed, the supporting documents have been filed, and the class has had the opportunity to respond.

Adkins' interpretation of *Rodriguez* would lead to the untenable result that in every class action settlement in which an upward departure from the 25 percent benchmark fee award is requested, objectors would race to file their objections and simply list the factors a district court is required to review in considering such a departure, and a court, after performing its required duty to review those factors, would be obligated to award attorney's fees to the objectors and thereby reduce the common fund and its benefit to the class. Such an interpretation is unsupported by *Rodriguez* and counter to the court's well-established role to act as a fiduciary for the class and to "act with a jealous regard to the rights of those who are interested in the fund" with regard to fee awards in class actions. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (quotation marks omitted).

Adkins also argues that if the Court does not award attorney's fees in this case, then the Court is necessarily finding that no objector could obtain attorney's fees for objecting to a requested upward departure from the 25 percent benchmark. This argument also is without merit.

PAGE 8 – OPINION AND ORDER

Whether to award an objector attorney's fees depends on the circumstances of the particular case. A court may find that the specific arguments made or evidence presented by an objector against a requested upward departure are persuasive, material, and helpful. Here, the Court did not so find. The Court rejected all of Adkins' objections lodged in his original brief. Adkins' sur-reply, filed one day before the hearing, did argue that class counsel failed to demonstrate the extraordinary circumstances required for an upward departure, which is the conclusion the Court ultimately reached. Adkins' specific arguments regarding why the factors supporting an upward departure were not present, however, were not adopted by the Court.

Although the Court found that the results obtained by class counsel were not so extraordinary as to warrant an upward departure (a factor the Court was required to consider), it did so in part by comparing the results to settlements achieved in cases the Court found based on its own research, not *Clements*, the case relied on by Adkins. Had Adkins provided the Court with case opinions that the Court actually found helpful, it might have found that Adkins provided some assistance. Similarly, although the Court found that the lodestar check did not support an upward departure (another factor the Court was required to consider), it did so for reasons other than the reasons argued by Adkins. Thus, the Court does not believe that no objector can ever assist a court in declining to award an upward departure, but only that under the specific facts of this case, Adkins did not materially assist the Court in declining to award the requested upward departure.[3]

---

[3] Adkins also relies on an opinion by the United States Court of Appeals for the First Circuit issued in 1964, which noted that it was "unfair to counsel" who, "guided by facts apparent on the record . . . spends time and effort to prepare and advance an argument which is ultimately adopted by the court." *Green v. Transitron Elec. Corp.*, 326 F.2d 492, 499 (1st Cir. 1964). To the extent *Green* supports Adkins' argument that whenever an objector objects to an upward departure from the 25 percent benchmark fee request that objector is automatically entitled to attorney's fees unless the court had prejudged the fee request and put its concern in

PAGE 9 – OPINION AND ORDER

**CONCLUSION**

Objector Adkins' motion for attorney's fees (Dkt. 291) is GRANTED IN PART.

Attorney's fees are awarded in the amount of $9,566.78, which is 25 percent of the benefit to the

Settlement Fund obtained with material assistance by Adkins' objections relating to class counsel

costs and expenses. The Court further awards $3,169.53 to Adkins' counsel as costs.

**IT IS SO ORDERED**.

DATED this 22nd day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

the record, for the reasons discussed above, that argument is rejected. Further, *Green* is
distinguishable because here the Court did not adopt Adkins' arguments—the Court reached the
result argued by Adkins, but for different reasons.