# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LARRY ARNETT, RONDA ARNETT, ALICE A. BERGER, LEE M. BERGER, SUSAN LASS, MARK LEMMER, PAMELA LEMMER, KARYL RESNICK, ERIC SKANSGAARD, DONNA M. WADE,** and **EDWARD M. WALLACE, JR.**, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>**BANK OF AMERICA, N.A.**, in its own capacity and as successor by merger to **BAC HOME LOANS SERVICING, L.P.**,<br><br>   Defendant. | Case No. 3:11-cv-1372-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

   This is a national class action under Federal Rule of Civil Procedure 23, brought on behalf of individuals who allegedly were required by Defendant Bank of America, N.A., in its own capacity and as successor by merger to BAC Home Loans Servicing, L.P., to purchase excessive or unnecessary flood insurance between January 1, 2007 and April 4, 2014. The Court has already certified a settlement class and approved the settlement agreement. This matter comes before the Court on Objectors Glenn and Carin Hanna's ("the Hannas") motion for a case

PAGE 1 – OPINION AND ORDER

contribution award of $2,500. Dkt. 309. No objections were filed to the Hannas' motion. For the reasons discussed below, the Hanna's motion is denied.

## DISCUSSION

Objectors may be entitled to attorney fees if they "substantially enhance[] the benefits to the class under the settlement." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002); *see also Fraley v. Facebook, Inc.*, 2014 WL 806072, at *2 (N.D. Cal. Feb. 27, 2014) (noting that "the threshold requirements remain that the objectors must 'contribute materially to the proceeding' and 'produce an improvement in the settlement worth more than the fee they are seeking'" (quoting *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002))). Here, the Hannas seek a "contribution" award and do not seek attorney's fees. The Hannas cite to *Sobel v. Hertz Corp.*, 2014 WL 5063397, at *11 (D. Nev. Oct. 9, 2014) for the proposition that a district court has discretion to grant incentive awards to objectors. *Sobel* evaluated, and granted, attorney's fees, expenses, and incentive awards to certain objectors. The Hannas cite to no United States Supreme Court or U.S. Court of Appeals for the Ninth Circuit case for the proposition that, in the absence of any other request, district courts can grant incentive awards to objectors, nor has the Court found any. The Hannas cite to *Hartless v. Clorox Co.*, 273 F.R.D. 630, 647 (S.D. Cal. 2011) for this proposition, but *Hartless* does not support the Hannas' argument. The court in *Hartless* noted that attorney's fees may be available to objectors but denied the request for an incentive award and questioned the validity of such a request, noting that the objector "[did] not provide any authority for such a request." The Court need not decide, however, whether a request for an incentive award is appropriate in these circumstances because for the reasons discussed herein, the Hanna's request is denied.

On August 11, 2014, the Hannas objected that the Settlement Agreement could not be evaluated because the proponents of the Settlement Agreement had failed to provide evidence of

the total loss for *all* claims related to lender-placed flood insurance ("LPFI") that were being settled. The Hannas also objected that the Class Notice failed on Due Process grounds. On September 4, 2014, the Court issued a minute order requesting that the parties be prepared to present evidence at the fairness hearing of the estimated overpayment for flood insurance by the class members who are anticipated to receive compensation from the settlement. The Court did not request the parties provide the evidence argued as necessary by the Hannas—the value of *all* claims related to LPFI—but asked for evidence regarding the total loss only of the class members anticipated to receive compensation from the settlement.

In their motion seeking a contribution award, the Hannas quote language from their reply objection and state that as a result of that objection, the Court then requested the parties to submit additional evidence. The Hannas' assertion is factually incorrect. The Court issued its minute order requesting additional evidence *before* the Hannas filed their reply objection. In fact, the Hannas' reply objection specifically references the Court's minute order. *See* Dkt. 276 at 1 n.1. Thus, the Court could not possibly have sought the additional evidence as a result of the Hannas' reply objection.

The Court also finds that the Hannas' original objection did not materially benefit the class. In seeking an incentive award, the Hannas argue that they substantially benefited the class by "aiding the Court's review of the value of the 'Excess' LPFI claims subject to release under the Settlement." Dkt. 309 at 4. The Hannas' original objection did not increase the amount of the settlement fund or produce an improvement in the settlement worth more than the $2,500 requested incentive award. Additionally, the Court did not request the evidence argued as necessary by the Hannas in their original objection, but requested different evidence. The Court was required to analyze the fairness of the Settlement Agreement and the Court requested the

additional evidence in order to evaluate the amount of settlement proceeds in proportion to the amount of loss for the class members anticipated to receive compensation. This is a basic tenet in considering fairness and was not a request made as a result of the Hannas' objections. Further, the vague argument that the Hannas' objection "aided" the Court is insufficient to show the Hannas created a substantial benefit to the class. *See, e.g.*, *Hartless*, 273 F.R.D. at 647 (noting that for an objector to receive fees, the benefit conferred by the objector "must be actual and concrete not conceptual or doctrinal").

## CONCLUSION

Objectors the Hannas' motion for a contribution award (Dkt. 309) is DENIED.

**IT IS SO ORDERED**.

DATED this 2nd day of December, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge